The State vs. Grove and another.

THE STATE, Appellant, vs. GROVE and another, Respondents.

*September 9 — September 23, 1890.*

*Penalties: Collection by civil action.*

1. The penalty for the first offense under sec. 3, ch. 248, Laws of 1879, relating to adulteration and fraud in foods, etc., may be collected in a civil action by the state. Such first offense is not a misdemeanor, nor the penalty a fine, within the meaning of sec. 3294, R. S.

2. An act or omission "specially declared by law to be a misdemeanor," within the meaning of sec. 3294, R. S., is one so declared by statute.

3. Under sec. 3294, R. S., a penalty, forfeiture, or fine may be collected in a civil action unless the act or omission punishable thereby is also punishable, in the discretion of the court, by imprisonment either with or without the fine, or is specially declared by statute to be a misdemeanor, or, possibly, unless a statute prescribes that the offense be punished by fine *eo nomine* without further direction.

APPEAL from the Circuit Court for *Dane* County.

The case is stated in the opinion.

The *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the appellant.

For the respondents there was brief by *Lewis, Pfund & Briggs*, and oral argument by *H. M. Lewis*. They contended,

*inter alia*, that the history of the legislation in this state upon the subject indicates an intention to restrict the right to enforce a forfeiture by civil action to those cases where the word forfeiture is used in specifying the penalty to be imposed, or where by manifest implication a forfeiture was intended,— as in sec. 1326, R. S., relating to obstructions to highways. But where the punishment is by fine *eo nomine*, or where by manifest implication a fine is meant, the proceedings should be by criminal information or indictment. R. S. 1849, ch. 122, secs. 1, 8, 9; R. S. 1858, ch. 155, secs. 1, 8; R. S. 1878, sec. 3294; *Oshkosh v. Schwartz*, 55 Wis. 489; *State ex rel. Guenther v. Miles*, 52 id. 490; Bouvier, Law Dict. tit. FINE. The intent of the legislature as to the grade of the offenses created by ch. 248, Laws of 1879, should be derived from sec. 1, where the penalty is called a fine. See 1 Dwarris on Stat. 664–5. The offenses prohibited are all of a similar nature, and it would be an absurd construction to say that, while the punishment prescribed by sec. 3 is ten times greater than that prescribed by secs. 1 and 2, it was intended to make the offense one of a lower criminal grade. If a recovery should be had in this case, would not the clear proceeds go to the school fund, as well as the proceeds of a recovery under secs. 1 and 2? If so, then the penalty is a fine within the meaning of the last clause of sec. 3294, R. S. *State ex rel. Guenther v. Miles*, 52 Wis. 490. The word misdemeanor, as used in sec. 3294, refers to common-law as well as statutory misdemeanors. *Oshkosh v. Schwartz*, 55 Wis. 488; Endlich, Interp. of Stats. 98–100, sec. 75. The offense charged in the complaint was a misdemeanor at common law. Bouvier, Law Dict. tit. CHEATS, MISDEMEANORS; 1 Bish. Crim. Law, 571, 585, 623; 2 id. secs. 143 *et seq*.

TAYLOR, J. This is a civil action commenced by the state against the respondents to recover the penalty prescribed

in sec. 3, ch. 248, Laws of 1879. The action was commenced under the provisions of sec. 3294, R. S. 1878. This section reads as follows: " In all cases not otherwise specially provided for by law, where a forfeiture shall be incurred by any person, and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action. When such act or omission is punishable by a fine and imprisonment, or by fine or imprisonment, or is specially declared by law to be a misdemeanor, it shall be deemed to be a misdemeanor within this chapter. The word forfeiture, as used in this chapter, shall include any penalty in money or goods other than a fine." Sec. 3, ch. 248, Laws of 1879, reads as follows: " Every person who shall compound or put up for sale any food, drug, or liquor in casks, boxes, bottles, or packages, with any label, mark, or device whatever so as, and with intent, to mislead or deceive as to the true name, nature, kind, and quality thereof, shall be liable to a penalty of not to exceed five hundred dollars for the first offense, and for every offense after the first offense shall be punished by imprisonment in the state prison for not less than one year nor more than ten years." Sec. 3295, R. S., provides that the civil action for a forfeiture shall be brought in the name of the state as plaintiff.

In the circuit court the respondents demurred to the complaint of the state on the ground that it did not state facts sufficient to constitute a cause of action. The circuit judge sustained the demurrer, and from the order sustaining such demurrer the state appealed to this court. The ground upon which the demurrer was sustained by the circuit court is that no civil action will lie to recover the penalty prescribed by said sec. 3, ch. 248, Laws of 1879, and this is the only ground insisted upon by the learned counsel for the respondents in their argument in this court.

We think it is very clear that the penalty prescribed by

said sec. 3, ch. 248, Laws of 1879, is not a *fine* within the meaning of the last clause of sec. 3294, R. S. It is also very clear that the section does not in express terms declare the offense to be a misdemeanor. This section, as well as the old section which received a construction by this court in *State v. Hayden*, 32 Wis. 663, expressly declares what shall constitute an offense a misdemeanor so as to prevent the bringing of a civil action for the recovery of a forfeiture or penalty. That the word "forfeiture" used in the commencement of the section is to be held to mean "penalty" in certain cases is clear. The last clause of the section defines the word "forfeiture" as used in the section as including "any penalties in money or goods other than a fine." The section authorizes a civil action to recover the forfeiture or penalty incurred by any person as a punishment for any act or omission which is not a misdemeanor, and then goes on to define what shall be held a misdemeanor so as to deprive the state of the right to bring a civil action to recover such forfeiture or penalty; and it clearly provides that, to take away such right, such act or omission must be punishable by a fine and imprisonment, or by fine or imprisonment, or it must be specially declared by law to be a misdemeanor. The act for which the penalty is prescribed by said sec. 3, ch. 248, is not specially declared by law to be a misdemeanor for a first offense, and is not punishable by fine or imprisonment, or by fine and imprisonment, and is not taken out of the section above quoted, unless we are compelled to hold that the penalty prescribed is a "*fine*" within the meaning of the last clause of the section.

It is urged that the act punished is a misdemeanor at common law. We have very grave doubts upon that point, but if it were so we do not think it would be taken out of the statute, as we must construe the words "specially de-

clared by law" to mean by the statute law of this state, and not by the common law of England. *State v. Hayden*, 32 Wis. 669.

In order to make the statute consistent with itself, and render it certain and intelligible, the word "fine" as used in the last clause must be construed to cover only cases where the statute imposes a fine in express words as a punishment for the offense, connected with the independent power to imprison as prescribed in the preceding part of the section, and not merely the power to imprison on failure of the offender to pay the fine. *State v. Smith*, 52 Wis. 134; *Oshkosh v. Schwartz*, 55 Wis. 483; *State v. Leaver*, 62 Wis. 387; *Platteville v. Bell*, 43 Wis. 488; *Chafin v. Waukesha Co.* 62 Wis. 463, 467; *Boscobel v. Bugbee*, 41 Wis. 59. In the last case, the ordinance expressly provided that the party violating the ordinance should be punished by a fine or imprisonment, and so it was held that the prosecution was in its nature a criminal action, and, although the city was the plaintiff, it could not appeal from the judgment.

In the case of *Chafin v. Waukesha Co.*, we held that when the court was simply authorized by the statute or ordinance to impose a fine, and in default of payment thereof to commit the offender to jail for not more than forty days nor less than three days, an action to recover such fine was a civil action. It is clear, therefore, that in order to prevent the bringing of a civil action to collect a penalty, forfeiture, or fine, the act or omission which is punished by such forfeiture, penalty, or fine, must also be punishable in the discretion of the court by imprisonment without the imposition of the forfeiture, penalty, or fine, or by such forfeiture, penalty, or fine and such imprisonment, in such discretion, or such offense must be specially declared by law to be a misdemeanor, either by the act creating the offense or by some other statute of the state. There may possibly be an

exception to this rule, should there be a statute which prescribed that the offense be punished by a fine *eo nomine* without further direction.   See sec. 4633, R. S. 1878.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.