CITY OF WAUKESHA, Respondent, vs. SCHESSLER and
others, Appellants.

*October 10—November 4, 1941.*

*Max Raskin,* attorney, and *E. Ace Bernstein* of counsel, both of Milwaukee, for the appellant.

*John C. Love,* city attorney, for the respondent.

FOWLER, J. The defendants were convicted in the municipal court for the Eastern district of the county of Waukesha of disorderly conduct upon complaints based upon an ordinance of the city of Waukesha forbidding such conduct and sentenced to imprisonment in the house of correction of Milwaukee county. The ordinance provided that any person found guilty of its violation should "be subject to a fine of not less than one dollar and not more than fifty dollars, or to imprisonment not to exceed sixty days, or to both such fine and imprisonment." The defendants appealed their convictions to the county court of Waukesha county under the provision of the act governing appeals from the municipal court to the county court which reads as follows:

"Appeals from judgments rendered in said court in civil actions shall be taken to the county court of Waukesha county in the same manner as appeals from judgments of justices of the peace in similar actions." Ch. 279, Laws of 1921.

Sec. 306.01, Stats., reads as follows:

*"Appeals in justice court.* Any party to a final judgment rendered by a justice of the peace . . . may appeal therefrom to the circuit court or other court having jurisdiction of the appeal in the cases and manner hereinafter provided."

Appeals from a justice court judgment in Waukesha county go to the county court. Sec. 7, ch. 99, Laws of 1891.

The instant appeals to the county court were taken in the manner prescribed by the statute next above quoted. The city moved in the county court for dismissal of the cases on the ground that the court was without jurisdiction, claiming

that the appeals do not go to the county court but to the supreme court under a provision of the Municipal Court Act which reads as follows:

"The judgments of the municipal court in bastardy and *criminal cases* tried before it may be examined and reviewed by the supreme court in the same manner as judgments of the circuit court. To carry out its jurisdiction the said municipal court shall have all the powers of circuit courts, and the municipal judge shall have the same powers in all matters pertaining to the jurisdiction of said municipal court, as circuit judges."

It appears from the two appeal provisions of ch. 279, Laws of 1921, that the point upon which the case turns is whether the action in the municipal court is a "civil action" or a "criminal case."

Sec. 17, art. VII, of the state constitution seems to require us to hold the instant case a civil action. The section reads in part:

"The style of all writs and process shall be, 'The state of Wisconsin;' all criminal prosecutions shall be carried on in the name and by the authority of the same. . . ."

This provision is referred to in *State v. Bartlett,* 35 Wis. 287, 293. It was claimed in that case that a provision of the charter of the city of Hudson was unconstitutional because it denied a defendant convicted under an ordinance of the city the right of appeal. Of a provision of the Hudson charter it is said in the *Bartlett Case:*

"It enacts that prosecutions (doubtless meaning criminal prosecutions) for assaults, batteries and affrays, shall be commenced in the name of the city of Hudson, whereas the constitution (art. VII, sec. 17) ordains that all criminal prosecutions shall be carried on in the name and by authority of the state of Wisconsin."

This was held to constitute "an insuperable objection" to the validity of the appeal statute involved. The implication

is plain that criminal actions cannot be prosecuted by a city but must be prosecuted by the state. To empower a city to prosecute an action as plaintiff under one of its ordinances the prosecution must be construed to be not a criminal but a civil action. The instant appeal provision relied on by the city of Waukesha must be held not applicable to prosecutions under the city ordinances, for to hold it so applicable would render it void as contrary to the constitutional provision stated as the appeal statute involved in the *Bartlett Case, supra,* was held to be.

Sec. 260.05, Stats., in force ever since the civil code was adopted in 1856, also requires us to hold the case a civil action. It reads:

"Actions are of two kinds, civil and criminal. A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action."

Counsel for the city claims that the action is *quasi* criminal and seeks thereby to avoid the classification made by sec. 260.05, Stats., and the mandate of sec. 17, art. VII, of the constitution. But neither the constitutional provision nor the statute makes three classes of actions. By secs. 17 and 18 of art. VII of the constitution actions are referred to as "criminal prosecutions" and "civil suits," and no other class is indicated. Sec. 260.05, Stats., specifically declares that there are only two classes of actions, civil and criminal. The latter are prosecuted by the state for punishment of a public offense. By the statute every other action is necessarily a civil action. By no process of reasoning, nor by any subterfuge, can there be created a third class of actions, nor can any action except one prosecuted by the state be considered a criminal action. It is quite true that certain actions are referred to in some opinions of the court as *quasi* criminal. But the phrase properly construed means merely that the acts involved partake in some way or degree of moral turpitude

or are similar to or the same as acts prosecuted by the state under its criminal statutes. The term can be used or construed in no other way consistently with the constitutional and statutory provisions first cited. To say that an action is *quasi* criminal does not say that it is a criminal action within those provisions. It may be conceded that certain cases cited by respondent's counsel lend color to and in some of their general statements appear to support his contention, but these were made without mention or apparent consideration of the constitutional and code provisions. Such a statement is contained in *Boscobel v. Bugbee,* 41 Wis. 59, 64:

"The action being *quasi* criminal, it could not be brought to this court by appeal. The statute regulating and governing appeals to this court refers to civil actions only."

The action involved was brought by the city under a city ordinance, and the statute then existing did not authorize appeals to the supreme court in criminal actions. The statement quoted no doubt implies that the action involved was a criminal action, and other opinions might be cited as so implying. But a multitude of cases might be cited wherein it is directly held that actions under ordinances are civil actions to recover forfeitures. Some of them are cited in *Kuder v. State,* 172 Wis. 141, 178 N. W. 249. Counsel contends that when an ordinance provides for both a fine and imprisonment, or either, a prosecution under it is a criminal action although it provides only for a fine or for a fine with imprisonment if the fine be not paid, relying on *State v. Grove,* 77 Wis. 448, 452, 46 N. W. 532, and *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920. But the *Grove Case, supra,* was a suit brought by the state to collect a forfeiture under the provisions of sec. 3294, Stats. 1878, now sec. 288.01, Stats. The decision in the *Stoltman Case, supra,* rests upon secs. 3294 and 4608, Stats. 1898. The statements in these opinions to the effect that an act is a misdemeanor if punishable by "fine and imprisonment, or by fine or imprisonment," manifestly refers

to acts forbidden by statute and not to acts forbidden by ordinance.

Counsel for the city suggests that if we hold that the appeal lay to the county court we indicate whether the trial in the county court shall be by jury. The point is not as clear as might be. It has not been briefed, and it is not presently involved. We decline to pass upon the point until a case comes before us in which it is directly involved.

*By the Court.*—The order of the county court is reversed, and the record is remanded with directions to vacate the order of dismissal and for further proceedings according to law.