(No. 44368.— )

THE CITY OF DANVILLE, Appellant, v. WILLIAM HARTSHORN, Appellee.

*Opinion filed January 26, 1973.*

JOHN T. ALLEN, City Attorney, of Danville, for appellant.

No appearance by appellee.

RICHARD W. WALL, of Park Forest, *amicus curiae.*

MR. JUSTICE WARD delivered the opinion of the court:

On April 21, 1970, the defendant, William Hartshorn, was convicted in the circuit court of Vermilion County on

a charge of having violated an ordinance of the city of Danville (hereafter, the City) which prohibited the hindrance, resistance or obstruction of any city police officer in the discharge of duty. The ordinance resembles the statute which makes criminal the knowing resistance to or obstruction of the performance of a peace officer acting within his official capacity (Ill. Rev. Stat. 1969, ch. 38, par. 31—1), and called for a penalty of a fine not to exceed $200. At arraignment and also immediately before trial the circuit court denied the defendant's motion for a trial by jury. Between the times of arraignment and trial the defendant served written interrogatories upon the City, to which no answer was filed. The interrogatories concerned the charges in the complaint against the defendant. Before trial the defendant moved for the dismissal of the complaint or, in the alternative, for a continuance and an order on the City to file an answer to the interrogatories. The motion was denied and the court stated that the motion insofar as it pertained to the interrogatories was being denied because the defendant had not obtained prior leave of court to serve the City with interrogatories. A bench trial was then held and the defendant was found guilty of having resisted and obstructed the police officer and was fined $100 and costs. Judgment was reversed by the appellate court. (131 Ill. App. 2d 999.) That court rejected the City's contention that if the ordinance was not to be considered criminal in nature and form, it was criminal in character and civil in form and a small claim (Supreme Court Rule 281; 50 Ill.2d R. 281), as the action was for not more than $1000 and the maximum fine recoverable was $200. The City said that under Rule 287 (50 Ill.2d R. 287) interrogatories could not be used prior to trial in small claim cases except by leave of court and as this was not obtained the trial court had ruled correctly. The appellate court held that the small claims procedure was inapplicable and that the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 1 *et seq.*) applied to proceedings

for violations of municipal ordinances. The appellate court held that under Supreme Court Rule 213 (50 Ill.2d R. 213) the defendant was entitled to serve interrogatories upon the City without having first obtained leave of court. We granted leave to appeal from the judgment of the appellate court.

The broad contention of the City is that the provisions of the Civil Practice Act do not govern a trial for violation of a municipal ordinance. *Amicus curiae* has suggested that a trial by jury cannot be had in municipal ordinance cases and that the discovery procedures of the Civil Practice Act cannot be invoked by a defendant. No brief was filed by the defendant on this appeal. There is no contention that the prosecution of the ordinance here should have followed rules of criminal procedure. The discussion of ordinance prosecutions in this opinion is not applicable to prosecutions required to be conducted under criminal rules, such as those of penal ordinances enacted under section 1—2—1.1 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, 1—2—1.1), or under enactments by home-rule units providing for imprisonment (Ill. Const. (1970), art. VII, sec. 6).

The prosecution of municipal ordinances has been regarded somewhat ambiguously. Ordinances have long been treated as quasi-criminal in character but civil in form.

It is clear that in Illinois the procedure for exercising a municipality's authority to collect fines for ordinance violations is essentially civil. As early as 1836 in *Israel v. Town of Jacksonville, 2 Ill. (1 Scam.) 290,* this court said that the basic nature of the action was that of an action in debt. In *Town of Jacksonville v. Block, 36 Ill. 508, 509,* which involved a town ordinance prohibiting the sale of liquor, it was noted:

> "At common law, when a penalty was incurred
> for a violation of a by-law of a corporation, it
> might be recovered by an action of debt or

> assumpsit in any court of general jurisdiction. [Citations.]
>
> Such a penalty could not be recovered in any criminal proceeding. The statute conferring upon justices of the peace jurisdiction in such cases, must be held to authorize them to proceed as in other civil cases.
>
> The mode of recovering such penalties was not changed by authorizing justices of the peace to take cognizance of cases for their recovery. \*\*\* The suit might have been commenced in the same manner as any other civil suit before a justice of the peace."

While regarding ordinance-violation proceedings as civil in form, this court has traditionally characterized them also as quasi-criminal. (*Naylor v. City of Galesburg, 56 Ill. 285; Wiggins v. City of Chicago, 68 Ill. 372.*) This viewing of the municipal ordinance as a hybrid, which is civil in form, has persisted. In *Village of Maywood v. Houston, 10 Ill.2d 117, 120,* it was held that under the rules of civil appeal the plaintiff village could appeal the judgment of the trial court in an ordinance-violation case. This court said: "In permitting an appeal for both sides the reviewing courts of this State have emphasized the civil aspects of the proceeding, and in effect have said it is desirable that each party be accorded a fair trial free of prejudicial error, the same as in other civil cases \*\*\*." See also *Village of Park Forest v. Bragg, 38 Ill.2d 225.* In *City of Decatur v. Chasteen, 19 Ill.2d 204, 216,* the court observed that "[a]n action to recover a penalty for the violation of a municipal ordinance, though quasi-criminal in character, is civil in form and is ordinarily termed a civil action and not a criminal prosecution. [Citation.] Disposition of the case under the applicable provisions of the Civil Practice Act was proper." We said in *City of Chicago v. Joyce, 38 Ill.2d 368,* that convictions for ordinance violations do not require proof beyond a reasonable doubt. In *City of*

*Chicago v. Lawrence, 42 Ill.2d 461, 466,* it was observed: "It [an ordinance prosecution] is civil in form, although quasi-criminal in character, and ordinarily is termed a civil action rather than a criminal prosecution."

Against this background, we consider it cannot be said that the Civil Practice Act is inapplicable to municipal ordinances. The first section of the Act reads: "The provisions of this Act apply to all civil proceedings, both at law and in equity, except in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto, replevin, foreclosure of mortgages or other proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. As to all matters not regulated by statute or rule of court, the practice at common law and in equity prevails." Ill. Rev. Stat. 1969, ch. 110, par. 1.

Here, the defendant demanded trial by jury under section 64 of the Act. We judge that this proceeding should have been considered a civil proceeding under the Act and that the trial court erred in rejecting the jury demand.

We are not dissuaded from this conclusion by the City's claim that a separate statute controls the question of a trial by jury in this case. The City notes there is a statute relating to ordinance prosecutions (Ill. Rev. Stat. 1969, ch. 24, par. 1—2—9) in the Municipal Code, which provides in part: "Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial." The City focuses on the language "before the proper officer" and argues that no jury is mentioned, and that trial must be only before the officer and not before a jury. It is said that the question of a jury trial is thus regulated by another statute and that the Civil Practice Act does not apply to ordinance cases.

We cannot take so limited and literal an interpretation of the section as to reach a holding that the section excludes trial by jury. The taking of an accused before a judicial officer with a view to the prompt trial of the accused and a trial by jury are obviously not mutually exclusive concepts. Too, it is clear that section 1—2—9 of the Municipal Code was not intended to deny the right to trial by jury. At a time when this statute was in effect, another statute, which was repealed, specifically provided for jury trials in ordinance-violation cases tried before justices of the peace. Ill. Rev. Stat. 1963, ch. 79, par. 49.

We cannot concur in the appellate court's unqualified holding that the defendant in an ordinance violation prosecution is "entitled to civil pre-trial discovery procedures."

We have observed that though formally civil, such prosecutions are quasi-criminal. We believe that whether the discovery provisions of the Civil Practice Act may be invoked should be within the discretion of the trial court.

Our holding that the automatic application of provisions in the Civil Practice Act for discovery is not always appropriate is not novel. In *People ex rel. Hanrahan v. Felt, 48 Ill.2d 171,* we considered a petition for *mandamus* which sought to compel the trial court to vacate a pretrial discovery order which had been entered in a juvenile delinquency proceeding. We noted that a delinquency proceeding differed from a typical civil action in its potential consequences to the juvenile and to the community, and held "that although a delinquency proceeding is civil in nature, it is sufficiently distinct from other civil actions to make inappropriate the automatic application of discovery provisions applicable to civil cases" (48 Ill.2d 171, 175).

Accordingly, we affirm the judgment of the appellate court on the question of trial by jury and reverse that portion of the judgment which held without qualification that the defendant was entitled to civil pretrial discovery

procedures. The cause is remanded to the circuit court of Vermilion County for proceedings not inconsistent with the views expressed herein.

*Affirmed in part and reversed in part, and remanded.*