THE CITY OF DANVILLE, Plaintiff-Appellee, *v.* JOHN E. CLARK, a Minor, Defendant-Appellant.

(No. 12406; )

Fourth District—July 24, 1975.

Whitney D. Hardy and James K. Borbely, both of Land of Lincoln Legal Assistance Foundation, of Danville, for appellant.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (Dardin W. Hawes, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant, a minor aged 15 years, appeals from his conviction for disorderly conduct in violation of a municipal ordinance with assessment of a fine in the sum of $25 and $5 in costs. This court granted leave to appeal as a poor person.

From the record is appears that defendant filed a written request for appointment of counsel. Such was denied as being not timely and for the reason that "[i]t is not the custom of the court to appoint a free attorney in ordinance violation cases where no imprisonment is involved and only a fine can be imposed." The record also shows defendant's statements during trial that he needed a lawyer to present his defense.

The trial court denied a motion to vacate the judgment filed in behalf of the defendant through a legal aid facility. The motion included the issue of error for failure to appoint a guardian *ad litem*. In *City of Danville v. Hartshorn*, 53 Ill.2d 399, 292 N.E.2d 382, the court collated the cases in Illinois which establish that procedures for collecting fines for violation of municipal ordinances were essentially civil and that the nature of such action was the collection of a debt except as to certain

penal ordinances enacted under section 1—2—1.1 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 1—2—1.1), which establish misdemeanors punishable by incarceration for not to exceed 6 months. The latter are to be prosecuted as criminal offenses under the rules of criminal procedure. The ordinance here concerned does not appear in the record but the court's admonition denying counsel indicates that no incarceration was possible.

■■ A minor cannot engage in legal proceedings but must defend through his guardian or guardian *ad litem.* If none appears, it is the duty of the court to appoint a guardian *ad litem* for the purpose of protecting the rights of the minor. Upon review, if the record does not affirmatively show representation by a guardian *ad litem* the judgment is voidable and must be reversed. (*Skaggs v. Industrial Com.,* 371 Ill. 535, 21 N.E.2d 731; *Blincoe v. Miller,* 11 Ill.App.2d 247, 136 N.E.2d 538; *Haskell v. Perkins,* 16 Ill.App.2d 428, 148 N.E.2d 625.) Such error is properly raised on appeal. *Bellchambers v. Ebeling,* 294 Ill.App. 247, 13 N.E.2d 804.

Upon this record the judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views as stated.

Reversed and remanded with directions.

SIMKINS, P. J., and CRAVEN, J., concur.