(No. 47891.

THE CITY OF DANVILLE, Appellant, v. JOHN E. CLARK, Appellee.

*Opinion filed May 28, 1976.*

Hardin W. Hawes, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellant.

Whitney D. Hardy and James K. Borbely, of the Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellee.

Frank M. Pfeifer and Thomas W. Kelty, for *amicus curiae* the Illinois Municipal League.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

On March 13, 1973, the defendant, John E. Clark, a minor of 15, was found guilty in the circuit court of Vermilion County of having violated the disorderly conduct ordinance of the City of Danville (hereafter, the City), and fined $25 and assessed $5 in court costs. The ordinance provided only for a fine not to exceed $500 for its violation. The appellate court reversed the judgment and remanded the cause on the ground that the judgment was void because the trial court should have appointed a guardian *ad litem* for the defendant. (30 Ill. App. 3d 565.) We granted the City's petition for leave to appeal. 58 Ill.2d R. 315.

On the date of trial the defendant presented the trial court with a form which stated that he was indigent and unable to afford an attorney and asked that counsel be appointed for him. The court denied the request stating that it was not the practice of the court to appoint attorneys "in ordinance violation cases where no imprisonment is involved and only a fine can be imposed." The City's evidence was that the defendant blocked a door in a high school gymnasium during a basketball game. When asked to move by a teacher he used abusive language and pushed the teacher and then used abusive language toward two policemen. The trial judge had advised the defendant of certain court proceedings and informed him of his right to present witnesses and his right to cross-examine the

City's witnesses, but no defense was offered. The appellate court, in reversing, referred to *City of Danville v. Hartshorn*, 53 Ill.2d 399, as holding that procedures for collecting fines for violation of municipal ordinances were essentially civil in form. It then concluded that holdings that guardians *ad litem* are to be appointed for minors in civil actions must apply in cases of ordinance violation proceedings.

Under the law a minor who is a defendant in a purely civil action may not act in his own name but must appear through a representative, such as a parent or a guardian *ad litem*. If there is no parent appearing, or other guardian, it is the duty of the court to appoint a guardian *ad litem*, and on review, if the record does not show representation by a guardian *ad litem*, the judgment is voidable. (*Skaggs v. Industrial Com.*, 371 Ill. 535, 542; *Peak v. Shasted*, 21 Ill. 137.) In criminal proceedings, it is not necessary that a minor defendant be represented by a guardian *ad litem*. *People v. Crooks*, 326 Ill. 266, 273; *People v. Davis*, 396 Ill. 432, 434.

The prosecution of ordinance violations has been regarded as hybrid in nature. This court observed in *Village of Maywood v. Houston*, 10 Ill.2d 117, 119: "The proceeding is not strictly or exclusively civil or criminal, but resembles both in some respects. For this reason, problems in this area cannot be solved by a mere labeling process, and the decisions of the courts, in Illinois and elsewhere, do not always have apparent logical consistency." The ordinances in these prosecutions have long been considered as quasi-criminal in character, though civil in form. *City of Danville v. Hartshorn*, 53 Ill.2d 399, 401; *City of Chicago v. Lawrence*, 42 Ill.2d 461, 466; *City of Decatur v. Chasteen*, 19 Ill.2d 204, 216.

In *Hartshorn*, upon which the defendant relies, this court held that since the proceedings in ordinance prosecutions were essentially civil in form the defendant could properly demand a jury trial under section 64 of the Civil

Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 64). However, it was then reiterated that although ordinance violation prosecutions are formally civil, they are considered quasi-criminal in character. (53 Ill.2d at 404; see also *Wiggins v. City of Chicago,* 68 Ill. 372, 375-76; *City of Chicago v. Thomas,* 102 Ill. App. 2d 143, 150-51; *Flynn v. City of Springfield,* 120 Ill. App. 266, 269.) This court went on to hold that the prosecution of these quasi-criminal ordinances was sufficiently distinct from purely civil actions so that there would be no automatic application of the civil discovery provisions. 53 Ill.2d at 404.

To support his contention that a guardian *ad litem* should have been appointed the defendant has cited cases which involved purely civil and therefore distinguishable actions. However, prosecutions of these quasi-criminal ordinances are sufficiently distinct from the bringing of purely civil actions so as not to make necessary the appointment of a guardian *ad litem* for minor defendants. See *People ex rel. Hanrahan v. Felt,* 48 Ill.2d 171, 175.

We consider that support for this view is found in the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701–1 *et seq.*) In proceedings under the Act there is a statutory requirement that a guardian *ad litem* be appointed if no parent, guardian, custodian or relative appears for the minor. (Ill. Rev. Stat. 1975, ch. 37, par. 704–5.) The same statute also provides that the minor shall be represented by counsel in the proceeding. However, the Juvenile Court Act specifically provides that a minor alleged "to have committed a traffic, boating or fish and game law violation or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act." Ill. Rev. Stat. 1975, ch. 37, par. 702–7(2).

The defendant alternatively contends that, as under the sixth and fourteenth amendments of the United States Constitution, and sections 2 and 8 of article I of the 1970

Illinois Constitution, an indigent defendant shall have appointed counsel, the trial court erred in not providing an attorney for him. However, *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, which the defendant says supports his contention, is not applicable to ordinance violation prosecutions punishable by fine only. The court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he [is] represented by counsel at his trial." (407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012.) That the holding was to be limited to instances in which an accused is faced with possible imprisonment was made clear when the court said: "The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy." 407 U.S. 25, 40, 32 L. Ed. 2d 530, 540, 92 S. Ct. 2006, 2014.

For the reasons given, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*