THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff-Appellant, *v.*
DANIEL J. SUCHOCKI *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 79-1940

Opinion filed August 27, 1980.—Modified on denial of rehearing November 19, 1980.

Jack M. Siegel and Allen D. Choka, both of Chicago, for appellant.

No brief filed for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

This case raises a question of notice. The defendants' trial counsel has been served with the village's notice of appeal, but he insists that his representation was limited to the trial level. The defendants have not been served and they have moved from their last known address without leaving a forwarding address. The village has filed its brief, but no appearance or brief has been filed on the defendants behalf. The notice intended by the criminal appeals rules has not been given, and we therefore dismiss the appeal.

On November 19, 1978, a country club then under construction and owned by the village of Arlington Heights was vandalized. Damages amounted to $15,428; damages to the contractors' property were $928. Defendant Daniel Suchocki was charged, by the State of Illinois through the Cook County State's Attorney, with criminal damage to property under section 21—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 21—1(a)). He pleaded guilty in juvenile court and was sentenced to 2 years probation. He was then charged with violating the Arlington Heights vandalism ordinance. The complaint named Teressa Allen [sic], his legal guardian, as an additional defendant. Under the village ordinance, parents or guardians of juvenile vandals are liable for the actual damages of their charges, plus fines, the ordinance presuming that the vandalism was committed with the knowledge and consent of the parent or legal guardian. Arlington Heights Code, art. VI, §8—604(a).

The defendants moved through their trial counsel to dismiss the complaint because it placed them in double jeopardy. On July 26, 1979, the trial court granted the motion as to both defendants. Notice of appeal was filed by the village on August 20, 1979, 25 days after the dismissal.

The village sent a notice of the notice of appeal to the defendants' trial counsel by mail. On October 23, 1979, the clerk of the circuit court sent copies of the village's notice of appeal to the defendants' trial counsel and to the Attorney General. Nothing was sent to the defendants. On November 9, 1979, the village filed the record of the dismissal proceeding in the appellate court, sending a notice to defendants' trial counsel. On December 3, 1979, he responded by notifying the village and the appellate court that his representation of Suchocki and Allen had terminated on July 26, 1979, when the dismissal motion was granted. He suggested to the village that it comply with the Supreme Court Rules by giving his former clients notice of the appeal.

The village moved for extensions of time for the filing of its brief on December 11, 1979, and January 9, 1980, sending copies each time to the trial counsel and to the defendants at an Arlington Heights address, but there is no indication that the defendants received these documents. On January 16, 1980, the trial counsel filed another notice in the appellate

court, reiterating that he was not defendants' appellate counsel. The village filed its brief on February 13, 1980.

The time for filing the defendants' brief passed without an appearance for them. The appellate court, acting under normal procedures, sent a letter to the defendants at their last known address, the address the village had used in sending copies of its motions to them. The appellate court's letter was returned unopened, marked "Return to Sender, Not Deliverable as Addressed." After consulting defendants' trial counsel, another address was obtained, this time in Hoffman Estates. This letter was also returned unopened, marked "Return to Sender, Moved Left no Address."

On its own motion, the appellate court then asked the village to file an additional memorandum of law to advise the court whether the apparent lack of notice precluded consideration of the case on appeal, and the village responded.

Supreme Court Rule 606(e) provides:

> "(1) *When Defendant is Appellant and Action is Prosecuted by the State.* When the defendant is the appellant and the action was prosecuted by the State, the clerk shall send a copy of the notice of appeal to the State's Attorney of the county in which the judgment was entered and a copy to the Attorney General at his Springfield, Illinois, office.

> (2) *When Defendant is Appellant and the Action is Prosecuted by a Governmental Entity other than the State.* If the defendant is the appellant and the action was prosecuted by a governmental entity other than the State for the violation of an ordinance, the copy of the notice of appeal shall be sent to the chief legal officer of the entity (*e.g.*, corporation counsel, city attorney), or if his name and address does not appear of record, then to the chief administrative officer of the entity at his official address.

> (3) *When the Prosecuting Entity is the Appellant.* When the State or other prosecuting entity is the appellant a copy of the notice of appeal shall be sent to the defendant and a copy to his counsel."

(Ill. Rev. Stat. 1979, ch. 110A, par. 606(e).)

We believe that the notice required by that rule was not sent to the defendants. The circuit court clerk sent a notice of the appeal to the Attorney General instead of the defendants. But, in addition, the village made no effort to notify the defendants even after it was informed that they no longer employed their trial counsel.

The first step is to determine which rules apply here: the civil appeals rules or the criminal appeals rules. The village argued that under the civil appeals rules, service on the defendants' trial counsel constituted service on the defendants, at least until the trial counsel filed a formal withdrawal

from the case. That is a correct statement of the law under Rules 303(d) and 11, but is not relevant if the applicable rules are those governing criminal appeals.

A prosecution for the violation of a municipal ordinance is a hybrid. It is quasi-criminal in character, but civil in form. The procedure to be followed, at trial and on appeal, is civil. (*City of Carbondale v. Irving* (1977), 45 Ill. App. 3d 699, 703, 360 N.E.2d 118, 120.) Despite this general pronouncement, a case-by-case, rule-by-rule analysis has been used to determine whether particular civil or criminal appeals rules apply. See *City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 404, 292 N.E.2d 382, 385, where the court rejected automatic application of civil rules and held that the trial by jury provisions of the Civil Practice Act governed an ordinance violation prosecution but, due to the criminal nature of the proceeding, the discovery provisions of the Act were not applicable; see also section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—2—1.1), which allows municipalities to make incarceration a punishment for an ordinance violation and makes the rules of criminal procedure applicable; and *City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358, 361, 283 N.E.2d 239, 241, which held that the enabling statute did not necessarily make all of the rules of criminal procedure applicable to prosecutions for violations punishable only by a fine.

When asked which rules govern ordinance violation cases on appeal, our courts have paid strict attention to the wording of the respective Supreme Court Rules. In *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233, and *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868, the court held that Rule 604 did not apply to appeals of municipal ordinance violations. Rule 604 states the circumstances under which the State may appeal in criminal cases. *Houston* held that it did not apply to ordinance violation cases, and the legislature subsequently amended section 102—15 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, ch. 38, par. 102—15) so that "offense" included the violation of a municipal ordinance. In *Bragg* the court then re-examined Rule 604. It held that because the rule spoke only in terms of "the State" and "criminal cases," it did not apply to ordinance violations, which are prosecuted by a governmental entity other than the State. The amendment of section 102—15 was recognized as an enlargement of the term "offense," so that it now included both criminal cases and ordinance violations. The court explained that the continued use only of the words "criminal cases" in Rule 604 indicated that the rule was not as broad as section 102—15, and thus did not include ordinance violations.

The precise construction of a criminal appeals rule in *Bragg* suggests that Rule 606(e) does apply to appeals of municipal ordinance prosecutions. Unlike Rule 604, Rule 606(e) speaks in terms of appeals

from actions prosecuted by the State (par. 606(e)(1)) and appeals from actions prosecuted by a "governmental entity other than the State" (pars. 606(e)(2) and (3)). Likewise, the rule speaks in terms of appeals not just from "criminal cases," but also from actions "for the violation of an ordinance" (par. 606(e)(2)). The analysis of the language used in the rules that under *Bragg* renders Rule 604 inapplicable to municipal ordinance cases makes Rule 606(e) applicable.

This conclusion is strengthened by policy considerations. At issue in a municipal ordinance violation is not only a fine, but the existence of a criminal record likely to follow a defendant through his life. Where the prosecution has been dismissed in the trial court, that ruling should not be reversed on appeal without the defendant's active participation in the case. The rules on appellate notice are meant to insure that an appellee knows a case is being continued in a higher court so that he can participate. The criminal rules take an extra, precautionary step to insure that notice is received by requiring that it be sent to the defendant rather than simply relying on counsel informing his client. Even where the prosecution is only for the violation of a municipal ordinance, this extra measure of notice should be required. Rule 606(e) applies and has not been complied with.

We next turn to the consequences of noncompliance. Other appellate notice cases have focused on prejudice. Thus, the supreme court in *People v. Ballard* (1975), 59 Ill. 2d 580, 322 N.E.2d 473, held that a defendant could serve the State's Attorney instead of the municipality's counsel, especially if the State's Attorney had been the prosecutor at trial. *Ballard* overturned *People v. Brownlee* (1974), 17 Ill. App. 3d 535, 308 N.E.2d 377, and *People v. Claudio* (1973), 13 Ill. App. 3d 537, 300 N.E.2d 791, which held that failure to serve the municipality was grounds to dismiss the appeal. (See also *Echols v. Olsen* (1976), 63 Ill. 2d 270, 347 N.E.2d 720, where both a bank and the recorder of deeds were appellees but only the bank was served and filed a brief on appeal. The appellate court decided the case, then granted rehearing to the recorder. After considering the recorder's brief and argument, the court stood by its first opinion. The supreme court refused to give weight to the rules violation where the recorder's arguments had been fully considered on the rehearing.) These cases were treated as falling under the civil appeals rules.

In two cases under Rule 606(e)(3), the court held there was no prejudice where the State (not the municipality) was the appellant but the unserved defendant filed a brief. *People v. Cassidy* (1978), 67 Ill. App. 3d 43, 384 N.E.2d 599; *People v. Hoover* (1973), 12 Ill. App. 3d 25, 297 N.E.2d 400.

Rule 606(e)(3) has been discussed in detail only once. *People v.*

*Favela* (1975), 31 Ill. App. 3d 453, 333 N.E.2d 284, held that the State's right to appeal would not be denied because of a violation of Rule 606(e)(3). However, the court said that the degree of necessary compliance with the rule would be determined on a case-by-case basis.

*Favela* noted that the rule required service on both the defendant and defendant's counsel and that service on defendant's counsel could not be had until defendant was located, since "trial counsel is not always appellate counsel." (31 Ill. App. 3d 453, 457, 333 N.E.2d 284, 286.) *Favela* then listed four factors which excused non-compliance with the rule in that case: (1) filing notice of appeal with the circuit court clerk was the only jurisdictional step; (2) the clerk, not the appellant, failed to serve the appellee; (3) the State made a substantial good faith effort to locate the defendant; and (4) the defendant gave a fictitious address and was reported to have fled to Mexico or California.

Two of the *Favela* factors are present in every case—notice of appeal being the only jurisdictional step and the failure being that of the circuit court clerk. The other two factors are not present here—the appellate court, not the village, made an effort to find the defendant and there is no evidence that defendants fled, only that they moved. Thus, nothing makes the noncompliance in this case understandable or justifiable.

Because there is prejudice in this case—no appearance by the defendants, no brief filed on their behalf—we believe that the failure to give them proper notice cannot be ignored. Although the failure is the clerk's, we believe that the shortcomings of one branch of the State must be assumed by another. The village must bear the consequences of the clerk's failure, especially because it also failed to check to make sure proper notice had been given, and because of the defendants' relative lack of blame. The defendants should be given the benefit of the rule enacted to protect them. Accordingly, the appeal should be dismissed.

Appeal dismissed.

McNAMARA and RIZZI, JJ., concur.