THE CITY OF NAPERVILLE, Plaintiff-Appellant, v. FRANK D. BERNARD, Defendant-Appellee.

Second District   No. 84—1132

Opinion filed December 31, 1985.

Francis J. Cuneo, Jr., of Naperville, and Robert P. Sheridan, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:
The only issue on appeal is whether the circuit court erred in failing to impose a fine as required by the general penalty provision for the traffic ordinance violated. While no appellee's brief has been filed on this appeal, we reach the merits in this case since the record is simple and the claimed error easily resolvable. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ On August 29, 1984, the defendant, Frank D. Bernard, was charged with failure to yield to a pedestrian in a crosswalk in violation of section 13.401 of the Municipal Code in Naperville. A bench trial was held in the circuit court of Du Page County and defendant was found guilty on October 24, 1984. The trial court's judgment required defendant to pay costs but did not impose a fine upon him. On appeal, plaintiff, the city of Naperville, argues that the trial court erred in failing to impose a fine required by section 13.901 of the Municipal Code of Naperville, which states:

"General. Any person, firm or corporation violating any provision of this Chapter, unless otherwise specified, shall be punished by a fine of not less than thirty-five dollars ($35.00) nor more than five hundred dollars ($500.00) for each offense."

Before reaching the merits of this appeal, we note that although a prosecution for violation of a municipal ordinance is quasi-criminal in character, it is civil in form. (*City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399.) Our supreme court has long recognized the civil nature of municipal ordinance violation prosecutions and permitted appeals by municipalities from final rulings in such cases. (*Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225; *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117.) Further, we note that plaintiff did object to the trial court's judgment on the basis that defendant was not fined and, therefore, there is no issue of waiver in this case.

■ As to the merits of the appeal, it is clear that the trial court failed to impose a fine as prescribed by section 13.901. In *People v. Ballard* (1975), 59 Ill. 2d 580, 585, our supreme court expressly held that it is error to impose a fine below the allowable minimum. In *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, the court concluded that a magistrate in ordinance violation cases acted without authority in suspending a fine. Addressing only the issue as presented, we find the trial court erred in failing to follow the penalty provision of the ordinance. Because there is no challenge to the trial court's original finding of guilt, this case is affirmed in part, reversed

in part, and remanded for the assessment of a fine pursuant to the provisions of section 13.901.

Affirmed in part, reversed in part, and remanded with directions.

REINHARD and HOPF, JJ., concur.