THE VILLAGE OF BECKMEYER, Plaintiff-Appellee, v. NORMAN WHEELAN, Defendant-Appellant.

Fifth District   No. 5—90—0330

Opinion filed March 28, 1991.

Norman Wheelan, of Beckmeyer, appellant *pro se.*

Richard A. Kuiken, of Carlyle, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Norman Wheelan, appeals from his conviction and $50 fine for violation of a municipal ordinance prohibiting the accumulation of various types of debris or nonfunctional equipment on public or private property. Appellant asserts that he has been denied various constitutionally mandated protections, and asks this court to declare the ordinance invalid and enjoin the Village of Beckmeyer (Village) from enforcing the ordinance.

Prior to discussing the merits of the case, we feel it essential to raise an aspect of the cause which defendant has not addressed. (See Supreme Court Rule 366 (134 Ill. 2d R. 366); *Sumner Realty Co. v. Willcott* (1986), 148 Ill. App. 3d 497, 500, 499 N.E.2d 554, 556.) The court below dispensed with this case by granting the Village's motion for summary judgment against the defendant. The question of whether or not a trial court may dispense with an ordinance violation prosecution by granting summary judgment for either party appears to be a question previously unaddressed by the Illinois courts.

■ Violations of municipal ordinances have for many years been characterized by the courts as "quasi-criminal" in nature, hybrids presenting aspects of both civil and criminal nature (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 111-12, 395 N.E.2d 549, 550), but not creating a third, distinct class of action. *City of Waukesha v. Schessler* (1941), 239 Wis. 82, 86, 300 N.W. 498, 500.

■ Municipal ordinance violations are tried and reviewed as civil proceedings, and the Civil Practice Law (Act) (Ill. Rev. Stat. 1989, ch. 110, par. 2—101 *et seq.*) applies to such prosecutions with certain aspects of the Act subject to limitation by the court. (*City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 404, 292 N.E.2d 382, 385 (invocation and extent of discovery provisions of Act within trial court's discretion).) The *Hartshorn* court held that due to the fact that the proceeding was a civil one, the defendant in an ordinance violation prosecu-

tion was entitled to demand a jury trial. *Hartshorn*, 53 Ill. 2d at 403, 292 N.E.2d at 385; Ill. Rev. Stat. 1989, ch. 110, par. 2—1105.

■■ The burden of proof in these cases is that of the civil standard, a preponderance of the evidence, occasionally described as "a clear preponderance of the evidence" (*City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 373, 232 N.E.2d 289, 291), rather than the criminal standard of "beyond a reasonable doubt." Just as the term "quasi-criminal" does not create a third class of action, a "clear preponderance of the evidence" does not create a third burden of proof. See *Teter v. Spooner* (1922), 305 Ill. 198, 211, 137 N.E.2d 129, 135.

■■ As in other civil cases, the prosecuting municipality may appeal the acquittal of a defendant charged with violating a municipal ordinance without running afoul of the United States and Illinois constitutions' proscription against double jeopardy. (*Town of Normal v. Bowsky* (1986), 142 Ill. App. 3d 760, 761-62, 492 N.E.2d 204, 205; *City of Naperville v. Bernard* (1985), 139 Ill. App. 3d 784, 785, 487 N.E.2d 771, 772; *City of Chicago v. Prus* (1983), 117 Ill. App. 3d 455, 467, 453 N.E.2d 776, 785.) The double jeopardy proscription does, however, protect miscreants from successive prosecutions by a municipality for violating an ordinance and the State for the same conduct, as in criminal cases, even if the penalty is a fine only. *Waller v. Florida* (1970), 397 U.S. 387, 392-95, 25 L. Ed. 2d 435, 438-41, 90 S. Ct. 1184, 1187-89; accord *People v. Allison* (1970), 46 Ill. 2d 147, 149, 263 N.E.2d 80, 81.

■■ The courts have rejected contentions that the time limitations of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b)) apply to ordinance violations prosecutions (*e.g., City of Chicago v. Wisniewski* (1973), 54 Ill. 2d 149, 152-53, 295 N.E.2d 453, 454). They have, instead, required diligent prosecution of ordinance violations under section 1—2—9 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—9), which requires prosecution "without unnecessary delay." The supreme court found in *Wisniewski* (54 Ill. 2d at 152-53, 295 N.E.2d at 454), that "it does not follow that because section 103—5(b) is not applicable, a prosecuting municipality may proceed on its own convenience." Accord *City of Carbondale v. Irving* (1977), 45 Ill. App. 3d 699, 704, 360 N.E.2d 118, 119-20.

■■ Because the Code of Civil Procedure applies to these prosecutions, complaints alleging violations need not be drawn with the precision necessary in the drafting of a criminal indictment or information. *City of Chicago v. Westphalen* (1968), 95 Ill. App. 2d 331, 335, 238 N.E.2d 225, 227.

■ Some statutory provisions and decisions give ordinance viola-
tors protection or status conferred upon criminal defendants. Su-
preme Court Rule 526 (134 Ill. 2d R. 526) provides bail for municipal
ordinance violators in traffic offenses, and Supreme Court Rule 528
(134 Ill. 2d R. 528) provides bail for nontraffic ordinance violations
punishable by fine only (134 Ill. 2d Rules 528(a), (b)) and fine or im-
prisonment (134 Ill. 2d R. 528(c)). Section 1—2—1.1 of the Illinois Mu-
nicipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—1.1) provides:

> "The corporate authorities of each municipality may pass or-
> dinances, not inconsistent with the criminal laws of this State,
> to regulate any matter expressly within the authorized powers
> of the municipality, or incidental thereto, making violation
> thereof a misdemeanor punishable by incarceration in a penal
> institution other than the penitentiary not to exceed 6 months.
> *The municipality is authorized to prosecute violations of penal
> ordinances enacted under this Section as criminal offenses* by
> its corporate attorney in the circuit court by an information, or
> complaint sworn to, charging such offense. *The prosecution
> shall be under and conform to the rules of criminal procedure.
> Conviction shall require the municipality to establish the guilt
> of the defendant beyond reasonable doubt."* (Emphasis added.)

Attempts to require application of the criminal burden of proof to
all municipal prosecutions have been consistently rejected by the
courts. See *City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358,
361, 283 N.E.2d 239, 241; *Village of Mundelein v. Aaron* (1983), 112
Ill. App. 3d 134, 135, 445 N.E.2d 57, 58; *City of Park Ridge v. Lar-
sen* (1988), 166 Ill. App. 3d 545, 548, 519 N.E.2d 1177, 1180.

In *City of Danville v. Clark* (1976), 63 Ill. 2d 408, 348 N.E.2d
844, a minor charged with violation of a municipal disorderly conduct
ordinance was denied appointment of a guardian *ad litem*. The su-
preme court held that the quasi-criminal nature of ordinance violation
proceedings "is sufficiently distinct from the bringing of purely civil
actions [where a representative is required for a minor] so as not to
make necessary the appointment of a guardian *ad litem* for minor
defendants." *City of Danville*, 63 Ill. 2d at 412, 348 N.E.2d at 846.

■ Summary judgments are not permissible in a criminal case, as
this court noted in *People v. Brumfield* (1979), 72 Ill. App. 3d 107,
113, 390 N.E.2d 589, 594.

The issue of the right to an appeal by a governmental entity pros-
ecuting an ordinance violation was discussed in *Village of Maywood v.
Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233. *Houston* held that Su-
preme Court Rule 604 (134 Ill. 2d R. 604) did not apply to prosecu-

tions for ordinance violations. After *Houston* was decided, ·section 102—15 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1965, ch. 38, par. 102—15) was changed to include violations of a municipal ordinance in the definition of "offense." However, Rule 604 was afterward still deemed to not include appeals from acquittal of ordinance violations due to the fact that Rule 604 was limited to "criminal cases" and thus was not as inclusive as section 102—15. *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 228, 230 N.E.2d 868, 869-70.

Conversely, the court in *Village of Arlington Heights v. Suchocki* (1980), 89 Ill. App. 3d 985, 988-89, 412 N.E.2d 561, 563-65, held that notices of appeals from actions prosecuted by a municipality were governed by the criminal procedures of Supreme Court Rule 606(e) (134 Ill. 2d R. 606(e)) in regard to notice to the defendant, not Rules 303(d) and 11 (134 Ill. 2d Rules 303(d), 11), which govern notice for civil appeals. Rule 606(e) states:

"(e) Copies of Notice of Appeal to be Sent by Clerk.

(1) *When Defendant is Appellant and Action is Prosecuted by the State.* When the defendant is the appellant and the action was *prosecuted by the State,* the clerk shall send a copy of the notice of appeal to the State's Attorney of the county in which the judgment was entered and a copy to the Attorney General at his Springfield, Illinois, office.

(2) *When Defendant is Appellant and the Action is Prose-cuted by a Governmental Entity Other Than the State.* If the defendant is the appellant and the action was prosecuted by a *governmental entity other than the State for the violation of an ordinance,* the copy of the notice of appeal.shall be sent to the chief legal officer of the entity (*e.g.* corporation counsel, city attorney), or if his name and address do not appear of record, then to the chief administrative officer of the entity at his official address.

(3) *When the Prosecuting Entity is the Appellant.* When the State or *other prosecuting entity* is the appellant a copy. of the notice of appeal shall be sent to the defendant and a. copy to his counsel." (Emphasis added.) (134 Ill. 2d R. 606(e).)

The court stated that "[t]he precise construction of a criminal appeals rule in *Bragg* suggests that Rule 606(e) does apply to appeals of municipal ordinance prosecutions. *** [T]he rule speaks in terms of appeals not just from 'criminal cases,' but also from actions· 'for the violation of an ordinance.' " (*Suchocki,* 89 Ill. App. 3d at 988-89, 412 N.E.2d at 564.) It pointed to policy considerations which militated in

favor of use of the criminal requirements for notice of appeal in that the defendant needed proper personal service, not merely service on his attorney, to alert him to the need to defend himself against the potential for reversal of an acquittal, which would create "a criminal record likely to follow a defendant through his life." *Suchocki*, 89 Ill. App. 3d at 989, 412 N.E.2d at 564.

■ On balance, it would appear that municipal ordinance violations, despite their hybrid nature, are treated by statute and precedent as largely civil undertakings pursued in conformance with the Code of Civil Procedure.

In *Buford v. Chief, Park District Police* (1960), 18 Ill. 2d 265, 271, 164 N.E.2d 57, 59, the Illinois Supreme Court found that where a default judgment and fine were entered by the municipal court on a parking ordinance violation, the defendant ratified the judgment by paying the fine. In view of the fact that default judgments are not encouraged due to their drastic nature and their usual relegation to a last-resort disposition (*Campbell v. White* (1989), 187 Ill. App. 3d 492, 502, 543 N.E.2d 607, 614), tacit approval by the supreme court in *Buford* of a default judgment in a municipal ordinance prosecution militates in favor of allowing summary judgment in such proceedings.

In the case at bar, the Village filed a verified complaint on February 21, 1990, to which defendant filed no response, but did file a motion to dismiss. The complaint alleged that defendant was in violation of section 9.37 of Village ordinance 89—5, in that he allowed a public nuisance to exist on his premises through the accumulation or storage of "trash, junk, partially dismantled motor vehicles, discarded appliances, used machinery, refuse, discarded furniture, rubble, or other similar items or materials for a period in excess of 30 days which was not enclosed within a building [*sic*]." The defendant's motion to dismiss, which was the subject of a response by the Village, was denied March 26, 1990.

On April 17, 1990, the Village filed a motion for summary judgment. This motion conformed to the requirements of section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) in that it was filed after defendant appeared and was accompanied by the affidavit of a member of the board of trustees of the Village, attesting to the truth of the complaint. This affidavit also swore that the pictures of defendant's property which were submitted with it accurately depicted the conditions on defendant's property from January 1, 1990, to April 16, 1990, the day before the Village's motion for summary judgment was filed. These pictures showed the defendant's premises to be littered with used automobile tires, auto-

motive parts, hub caps, used automobile engines, paint cans, crushed beverage cans, building materials, storm doors, tubs, barrels and bicycle parts, as well as other bits and pieces of defunct machinery that elude ready identification.

Summary judgment is appropriate where the pleadings and admissions together with the affidavits show there is no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Defendant had ample opportunity at the time of the hearing to deny that the pictures were accurate, but did not do so. His assertions on appeal that the chattels in question were neatly tarped and not visible from the street are belied by the pictures present in the record.

The Village's affidavit conformed with the requirements of Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)). Failure of defendant to file a counteraffidavit requires the court to take the Village's affidavit and other supporting documents as true. (*Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 118, 452 N.E.2d 889, 893.) The assertions in the affidavit and the photographs submitted in support of the affidavit are such that it is patently clear that no justiciable issue of material fact existed which would preclude disposition of the case by summary judgment for the Village (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459). As this court found in *Sumner v. Hebenstreit* (1988), 167 Ill. App. 3d 881, 884, 522 N.E.2d 343, 345, no matter how sharply controverted facts unrelated to essential elements of the plaintiff's case may be, they are immaterial, and their presence will not warrant denial of a motion for summary judgment. The disposal of the case through the grant of the Village's motion for summary judgment was, therefore, proper.

We turn now to defendant's argument on appeal. Although defendant's brief is not in conformance with Supreme Court Rule 342 (134 Ill. 2d R. 342), we choose to consider it, nonetheless.

Defendant states that enforcement of the ordinance was improper because it infringed on his property and liberty interests, and that the ordinance itself is overbroad. He does not argue these theses with proper citation to the record and applicable law, but the Village has done so.

The due process clauses of the Federal and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) protect the right to pursue one's trade, occupation, business or profession. Defendant seems to argue that because he has pursued a livelihood in antique refinishing and small machine remanufacturing for 30 years

at the same location, begun prior to adoption of zoning regulations by the Village, he has a right to continue to do so unimpeded by the Village. His contention is erroneous.

The Village has police power to "define, prevent, and abate nuisances" pursuant to section 11—60—2 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1989, ch. 24, par. 11—60—2). The ordinances passed are presumed valid, with the burden to prove invalidity placed upon the challenger of an ordinance. (*Jacobsen v. Illinois Liquor Control Comm'n* (1981), 97 Ill. App. 3d 700, 702, 423 N.E.2d 531, 533.) A municipal ordinance which bears a reasonable relationship to a public interest which needs to be protected and embodies a reasonable method by which the objective is to be attained is a valid exercise of police power. (*City of Carbondale v. Brewster* (1979), 78 Ill. 2d 111, 115, 398 N.E.2d 829, 831.) The ordinance here bears a reasonable relationship to the interest of preventing accumulations of trash which would harbor rats and other vermin, allow the pooling of stagnant water to create breeding grounds for mosquitos, pose the threat of wind-blown debris, and decrease the value of adjacent property.

▮ Defendant's assertions that his property interest in pursuing his occupation has been unconstitutionally curtailed is without merit. He is not precluded from accumulating the items he asserts are essential to this business, but merely from allowing that accumulation to be unenclosed. Because it is possible for defendant to maintain his premises in a manner which is sanitary and not an affront to public health and safety, the ordinance is a reasonable exercise of the Village's police power. *City of Collinsville v. Seiber* (1980), 82 Ill. App. 3d 719, 723, 403 N.E.2d 90, 93.

▮ ▮ Defendant's bald contention, made without proper argument, that the ordinance is overbroad is also without merit. The court in *People v. Ridens* (1974), 59 Ill. 2d 362, 370, 321 N.E.2d 264, 268, stated that an ordinance is overbroad if it compromises the constitutional principle "that a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." It is clear that the police power of the Village allows it to reasonably regulate accumulations such as defendant has accrued on his property in the interest of public safety. Furthermore, defendant has neither alleged nor proven that he cannot pursue his occupation without violating the ordinance. (See *Sieber*, 82 Ill. App. 3d at 725, 403 N.E.2d at 94.) Here, as in *Sieber*, we find the ordinance is not overbroad in that it "[does] not interfere with

defendant beyond a point necessary to correct the evil." *Sieber*, 82 Ill. App. 3d at 725, 402 N.E.2d at 94.

The ordinance as written and applied in the case at bar does not unconstitutionally interfere with defendant's exercise of his profession and is not overbroad. Defendant's conviction and fine are therefore affirmed.

Affirmed.

WELCH and HOWERTON, JJ., concur.