THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* DUANE V. BARCENA, Defendant-Appellant.

First District (4th Division)    No. 81-1409

Opinion filed July 1, 1982.

Duane V. Barcena, of Mundelein, for appellant, *pro se.*

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial, defendant Duane Barcena was convicted of having violated chapter 28, section 3 of the Municipal Code of Chicago. This ordinance proscribes interurban operation of a taxicab which is not licensed in Chicago. The issues raised on appeal are (1) whether the trial court erred in assessing a $25 fee for the right to a jury trial and then denying defendant a trial by jury when he declined to pay the fee; (2) whether the trial court erred in denying defendant's request for a continuance on the day the trial was to begin; and (3) whether defendant was proved guilty by a preponderance of the evidence.

On February 27, 1981, defendant appeared for trial and made a jury demand. The trial judge inquired whether defendant had paid the jury

fee. Defendant responded that he had not done so and moved that the fee be waived. This motion was denied. The trial court then indicated that defendant's motion for a jury trial would be granted upon payment by defendant of a $25 jury fee. Defendant represented to the court that he was without funds to pay the fee. Thereupon, the trial court denied defendant's motion for a jury trial and a bench trial commenced over defendant's objection.

Defendant argues that he had a right to a jury trial, that he did not waive that right, and that the trial court should have waived the fee. The City counters in its brief that defendant waived his right to a jury trial by failing to make a timely jury demand (Ill. Rev. Stat. 1979, ch. 110, par. 64) or, in the alternative, by failing to pay the $25 fee assessed.

We need not consider whether defendant made a timely jury demand by requesting a jury the first time he appeared in court. The trial court demonstrated its propensity to grant defendant's motion for leave to file a late jury demand. (Ill. Rev. Stat. 1979, ch. 110, par. 59; see *Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 300, 356 N.E.2d 42.) Therefore, the residual issue is whether the trial court erred by proceeding with a bench trial when defendant declined to pay the jury fee.

■■ The parties have not cited any authority for the imposition of a jury fee in the prosecution for a violation of a municipal ordinance. Such a case is treated as "quasi-criminal" in character but civil in form, and, in general, it is subject to the provisions of the Civil Practice Act. (See *City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 292 N.E.2d 382.) However, quasi-criminal proceedings are explicitly omitted from the statutory provision for jury fees (Ill. Rev. Stat. 1979, ch. 25, par. 27.2(14)(b)) which states:

> "The Clerk of the Circuit Court shall be entitled to receive, in addition to other fees allowed by law, the sum of $50 as a fee for the services of a jury in every civil action *not quasi-criminal* in its nature * * *." (Emphasis added.)

The schedule of fees promulgated by the circuit court of Cook County establishes jury fees for civil claims and for small claims actions. However, there is no mention of a jury demand fee under the portion of the fee schedule for the circuit court of Cook County entitled "Criminal and Quasi-Criminal Costs."

■■ The City argues in its brief that the fee schedule applicable to small claims actions should control a jury demand in quasi-criminal matters such as the instant case because the offense carries a maximum penalty of $200. The City relies on Supreme Court Rule 285 (73 Ill. 2d R. 285) and section 64(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 64(2)). Contrary to the City's contention, Supreme Court Rule 285 is inapplicable to a quasi-criminal matter because, by definition, a small

claim is "a civil action based on either tort or contract for money not in excess of $1,000 * * * or for the collection of taxes not in excess of that amount." 73 Ill. 2d R. 281.

■■ Because we can find no authority for the assessment of a jury fee in a prosecution for a violation of a municipal ordinance, we conclude that the trial court erred by imposing a jury fee and by denying defendant a jury trial due to his failure to pay the fee assessed. In light of our finding, it is unnecessary for us to address the additional issues raised by defendant.

For the foregoing reasons, the judgment of the circuit court is reversed and the case is remanded for further proceedings.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.