WILL OF COOPER : LANE and others, Appellants, vs. NORTH-
WESTERN LOAN & TRUST COMPANY, Defendant : COOPER
and another, Respondents.

*October 14—November 16, 1948.*

*Matt Taylor* of Kenosha, for the appellants Lane.

For the appellant Phillip Cooper, incompetent, *Judson W. Staplekamp* of Kenosha, guardian *ad litem;* and for the Northwestern Loan & Trust Company, guardian, *Staplekamp & Bode* of Kenosha.

For the respondents there were briefs by *Chandler P. Ward* of Los Angeles, California, and *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha, and oral argument by *William A. Sheldon.*

*M. Eugene Baker* of Kenosha, guardian *ad litem,* for certain minors.

WICKHEM, J. This appeal raises questions concerning the scope and extent of appellants' interests in a trust created by the will of Henry S. Cooper who died in 1924. The trial court was of the view that distributions of corpus directed by the orders appealed from terminated the interests of the distributees in and to the trust. Appellants contend that they

will have certain contingent interests which should not have been cut off by the order of distribution. The will gave all testator's stock and interest in the Cooper Underwear Company to three of his children, as trustees, with directions that the trustees "shall maintain and keep intact my investment in said business and shall manage and control the same until the majority of my said children or their representatives, and also a majority of my surviving sons," shall request a distribution. Upon this event the trustees were directed to sell testator's interest in the business and to distribute one third of the proceeds among "my then living children, the issue of any deceased child taking its parent's share by right of representation." The remaining two thirds of the proceeds were directed to be held in trust "as a unit during the lives of my children who survive me, except as hereinafter provided."

"Upon the death of any or either of my surviving children leaving issue, the interest in said fund to which its parent was entitled, including the integral portion of the corpus of said fund from which its said parent had been receiving the income as herein provided, shall go to such issue share and share alike as such issue respectively arrive at the age of twenty-five years.

"Upon the death of any or either of my surviving children, without issue, its interest in said fund shall thereby terminate.

"I direct that my said trustees shall divide all of the income from said trust fund equally among my surviving children or the issue of any deceased child or children taking by right of representation, provided however, that if any or either of such issue shall upon the death of its parent be less than twenty-five years of age, my said trustees may use such part or portion of the income to which such issue is entitled as to them may seem wise and proper, for the care, education and maintenance of such child, until it attains the age of twenty-one years, from which time and until said issue attains the age of twenty-five years, said trustees shall pay to it all of its share of said income, together with any and all income not theretofore expended for its care, education and maintenance as hereinabove provided.

"All the rest, residue and remainder of my estate of whatever kind and wherever situate, I hereby give, devise and bequeath unto my children Mary Cooper Jacobs, Jessie Cooper Lane, Josephine D. Cooper, Robert S. Cooper, Kathryn L. Cooper, Nelson C. Cooper, Gerald S. Cooper, and Lucy P. Cooper, share and share alike.

"In case any of my said children shall predecease me without issue, its share as provided in this paragraph shall go and be divided equally among my then surviving children.

"In case any or either of my said children shall predecease me leaving issue, such issue shall take such child's share in my estate as provided in this paragraph III by right of representation."

Harry S. Cooper died on October 25, 1924, survived by all eight of his children. One child, Nelson C. Cooper, died in 1928, leaving a son, Phillip Cooper, one of the appellants here represented by his guardian *ad litem*. His daughter, Mary Cooper Jacobs, died in February, 1942, leaving two children both more than twenty-five years of age at the time of their mother's death. Robert S. Cooper died in May, 1945, without issue. Jessie Cooper Lane died on September 23, 1945, survived by three issue, all of whom are appellants here and all of whom were over twenty-five years of age at the date of their mother's death. Josephine D. Cooper died in August, 1947, leaving surviving an adopted child, William H. Cooper, who was over twenty-five years of age at the time of her demise and who, by the specific terms of the will, is included wherever the word "issue" is used in the will. The other children of testator presently surviving are Kathryn L. Cooper, unmarried, Gerald S. Cooper, and Lucy Cooper Bates. The latter two have issue who were under the age of twenty-five years at the time of these proceedings.

Decedent's estate consisted principally of stock in the Cooper Underwear Company, a Wisconsin corporation, and after his death the children agreed, pursuant to the will, to a sale of this stock and to the distribution of one third of the

proceeds to the eight children. This was done. Prior to the death of the first of decedent's children the income of the trust was divided into eight parts, each surviving child participating in a one eighth of the income. Upon the death of Nelson Cooper in 1928, the income which has been enjoyed by him went to his son, Phillip Cooper; and upon the death of Mrs. Jacobs one eighth of the corpus was distributed to her issue all of whom were over the age of twenty-five. Thereafter the surviving children, and Phillip Cooper taking by right of representation, shared one seventh of the income. Upon the death of Robert S. Cooper in May of 1945, leaving no issue, the remaining surviving children and Phillip Cooper each received one sixth of the income. Hence, at the time of the death of Jessie Cooper Lane she was enjoying one sixth of the income from the trust. The distribution to her children was of one sixth of the corpus. Appellants having an immediate interest in this controversy are the children of Jessie Cooper Lane hereinafter referred to as the "Lane heirs." There is also an appeal by the guardian *ad litem* of Phillip Cooper, incompetent, who so far as we can discover from the record, was over twenty-one years of age but under the age of twenty-five at the time the order in question was entered. There is also a brief filed by the guardian *ad litem* of various minor grandchildren and great grandchildren of testator.

For the purposes of this appeal it will be enough to state that the interests of all parties who can by any possibility have an interest in this trust are before the court. Having noted this the position of the Lane heirs as appellants is enough to give an understanding of the controversy involved here. It is their contention that having arrived at the age of twenty-five years they are not only entitled to the distribution of one sixth of the corpus but also to retain a contingent interest in the fund and to share in such accretions to the various shares as may hereafter accrue either upon the death without issue of

surviving children of testator who are now alive or the death before the age of twenty-five of all issue of these children who presently have issue. All parties agree that the paragraph of the will providing that portions of the corpus shall, "go to such issue share and share alike as such issue respectively arrive at the age of twenty-five years;" directs a distribution of corpus and that the distribution to the Lane heirs of one sixth of the corpus as well as the earlier distribution to the Jacobs heirs was proper. The claim that there is an interest in the trust left after such a distribution is based upon the provisions of the will that upon the death of a surviving child leaving issue "the interest in said fund to which its parent was entitled *including the integral portion of the corpus of said fund from which its said parent had been receiving the income as herein provided,* shall go to such issue share and share alike as such issue respectively arrive at the age of twenty-five years." It is contended that this clause deals with two matters: (1) The portion of the corpus from which the parent was receiving income at the time of her death and which is to be distributed to the children; (2) Such interests of the parent in the fund as might be created by the subsequent death of a brother or sister leaving no issue or leaving issue which died before reaching the age of twenty-five years. Much emphasis is put upon the word "including" as indicating that two separate and distinct things are involved in the direction for the distribution of corpus. While a plausible verbal argument can be made in support of this we think that it is not sound. In the first place it is plain from the use of the conjunctive that everything referred to by the sentence is assumed to be distributable and is directed to be distributed to the issue as they arrive at the age of twenty-five years. We cannot believe that any such contingent interest as is claimed by appellants was thought by the testator to be distributable or intended by him to be distributed under the directions of this clause. Further than this, directions in a subsequent clause of the will concerning

the payment of income provide that if any or either of the issue at the time of the death of its parent be less than twenty-five years of age, the trustees are to use such portion of the parent's income as is deemed wise and proper for its maintenance until the child arrives at the age of twenty-one years from such time and *until* said issue attains the age of twenty-five years said trustees are to pay to it "all of its share of said income, together with any and all income not theretofore expended for its care, education and maintenance as hereinabove provided." Thus, not only is the child of a deceased child to receive its share of the corpus at the age of twenty-five years but there are no provisions for paying it any further income from the fund. The foregoing leads to the conclusion that such a child's interest in the fund terminates upon the distribution to it of its share of the corpus. The argument that this disturbs equality of distribution is not persuasive. It is clear under the trust that the interest in the fund of any surviving child who thereafter dies without issue is instantly terminated. It is likewise clear that the grandchild who survives his parent but dies before reaching the age of twenty-five years acquires no right to a distribution in the fund. The language of the will indicates that the trust is for the benefit of surviving children and grandchildren; that those who survive take and that those who do not survive either lose their interest or acquire none. Indeed, the Lane heirs have had a distribution of one sixth of the corpus instead of one eighth upon this very basis. They have been the beneficiaries of the trial court's view to this extent already. The notion that somehow they can retain an interest in future contingencies appears to us to be contrary to the intention of the testator. It is contended that such a construction may result in an intestacy or in an escheat. We are of the opinion that this is not true. The will provides that the trust shall terminate upon the death of the last surviving child and except for the provisions respecting the distribution of corpus to grand-

children who survive their parent and reach the age of twenty-five years there is no direction whatever in the will as to the distribution of corpus.

The only contingency that we foresee in this connection is that the last surviving child in whom at the time was vested all of the interests in the trust might die leaving no issue. Since the will does not dispose of the corpus on this contingency the remainder of the corpus would pass under the residuary clause, since this would not constitute failure but a termination of the trust with a portion of the corpus undisposed of. Under such circumstances it is evident that the residuary clause would operate. There is no need, however, to modify the present order because that deals with interests created by the trust and does not affect the operation of the residuary clause. Another possible contingency would be that at the time of the death of the last surviving child there were surviving grandchildren under the age of twenty-five years. The question whether the trust would terminate in such a way as to defeat the opportunity of these children to satisfy the contingency mentioned in the trust would properly involve construction of the trust. The contingency, however, may never happen and is not dealt with by the present order. Hence, under the policy of this court not to decide future questions unnecessarily, we will not attempt a solution of this matter. The trial court did not violate this principle in determining that the distribution of corpus to the Lane heirs terminated their interest in the trust funds because that was a necessary incident to the distribution and to the release of the trustees.

*By the Court.*—Orders affirmed.

BROADFOOT, J., took no part.