MADISON TEACHERS INCORPORATED and Lauramae Anderson, Petitioners-Appellants,

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION, Respondent,

MADISON METROPOLITAN SCHOOL DISTRICT AND BOARD OF EDUCATION, Madison Metropolitan School District, Intervenor-Respondent.

Court of Appeals

*No. 82–579. Submitted on briefs August 1, 1983.— Decided October 25, 1983.*
(Also reported in 340 N.W.2d 571.)

For the appellants the cause was submitted on the briefs of *Kelly, Haus and Katz* and *William Haus* of Madison.

For the respondent Wisconsin Employment Relations Commission the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John D. Niemisto,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Appellants (MTI) appeal a judgment affirming a decision of the Wisconsin Employment Relations Commission denying them actual attorney fees and interest when seeking to enforce an arbitrator's award. Because there is no basis for an award of actual attorney fees and because MTI is entitled to interest,[1]

---

[1] MTI also argues that the commission engaged in improper rulemaking when it outlined in its memorandum the conditions under which it would award attorney's fees and interest. Even if the argument is correct, this is not the case in which to challenge such action. MTI is not entitled to attorney's fees regardless of whether the conditions outlined by the commission were applied. In addition, the conditions for an award of interest were expressly not applied in this case. An opinion on the allegations of improper rulemaking is not necessary to decide this case and would be advisory. We decline the invitation to render an opinion until the

we affirm in part and reverse in part. We remand this matter and direct the trial court to modify the commission's order to award interest at the statutory rate from the date of the arbitrator's award.

As part of a contractual grievance procedure, an arbitrator held in March, 1978, that the Madison Metropolitan School District and Board of Education (district) had breached its collective bargaining agreement by filling a vacancy with a non-bargaining unit member, Lavaune Blaska, when qualified bargaining unit members Lauramae Anderson and Cheryl Hinze had applied for the position. The arbitrator ordered the district to vacate the position, interview Anderson and Hinze and "select between them" to fill the vacancy.

Later that month, Anderson and Hinze were interviewed. The district concluded that Anderson was not qualified and, at the end of her interview, offered the job to Hinze. Hinze, who had recently been transferred to a new position, declined the offer. The district, having interviewed Anderson and Hinze and having made an initial selection, believed it had complied with the award and retained Blaska rather than hiring Anderson.

MTI then commenced an action before the commission alleging that the district failed and refused to comply with the arbitrator's award, a violation of sec. 111.70(3) (a)5, Stats.[2] The commission appointed an examiner,

point is raised in a case in which it is directly involved. *See In re Will of Coopers,* 253 Wis. 550, 557, 34 N.W.2d 667, 670–71 (1948) ; *City of Waukesha v. Schessler,* 239 Wis. 82, 87, 300 N.W. 498, 500 (1941).

[2] Section 111.70(3) (a)5, Stats., provides:

(3) Prohibited Practices and their Prevention. (a) It is a prohibited practice for a municipal employer individually or in concert with others:

. . . .

5. To violate any collective bargaining agreement previously agreed upon by the parties with respect to wages, hours and conditions of employment affecting municipal employes, including an

who found that the district acted in bad faith and contrary to the arbitrator's award when it decided not to consider Anderson for the position because it "deemed she was not qualified." The examiner ordered the district to award the position to Anderson with backpay, fringe benefits, and interest from the date of the arbitrator's award, and to pay MTI's attorney fees. The commission affirmed the examiner's finding that the district failed to comply with the arbitrator's award, but reversed the finding of bad faith and deleted the award of attorney fees and interest. The Dane County Circuit Court affirmed the commission's decision.

The scope of our review of the commission's decision is the same as that of the circuit court. *See Frito-Lay, Inc. v. Wisconsin Labor & Industry Review Commission,* 95 Wis.2d 395, 400, 290 N.W.2d 551, 555 (Ct. App. 1980). We will not reverse an agency's finding if there is substantial evidence to support it. *Guthrie v. WERC,* 107 Wis. 2d 306, 315, 320 N.W.2d 213, 218 (Ct. App. 1982). The test is whether, taking into account all the evidence in the record, reasonable minds could arrive at the same conclusion as the agency. *Madison Gas & Electric Co. v. PSC,* 109 Wis. 2d 127, 133, 325 N.W.2d 339, 342–43 (1982). The substantial evidence standard does not permit a court to overturn an agency's finding even if it may be against the great weight and clear preponderance of the evidence. *Holtz & Krause, Inc. v. DNR,* 85 Wis. 2d 198, 204, 270 N.W.2d 409, 413 (1978).

The commission rejected the examiner's interpretation of a prior commission case that an attorney fee award could be granted where a party has acted in bad faith.

agreement to arbitrate questions arising as to the meaning or application of the terms of a collective bargaining agreement or to accept the terms of such arbitration award, where previously the parties have agreed to accept such award as final and binding upon them.

The commission clarified its position, stating that attorney fees would be granted only pursuant to a statutory or contractual provision for such an award, or in cases where there has been inadequate union representation. Its position follows the Wisconsin rule on attorney fees. *See Murray v. Holiday Rambler, Inc.,* 83 Wis. 2d 406, 435, 265 N.W.2d 513, 527 (1978).

MTI points out, however, that the commission has jurisdiction to apply federal common law developed under § 301(a) of the Labor-Management Relations Act, 29 USC § 185(a), to sec. 111.06(1)(f), Stats., disputes. *See Tecumseh Products Co. v. WERB,* 23 Wis. 2d 118, 128–29, 126 N.W.2d 520, 524–25 (1964); *see also Waggoner v. Northwest Excavating, Inc.,* 642 F2d 333, 338–39 (9th Cir. 1981), *vacated and remanded on other grounds,* 455 U.S. 931 (1982). The federal statute, like sec. 111.06(1)(f), makes no provision for awarding attorney fees. *See Seattle Times Co. v. Seattle Mailer's Union No. 32,* 664 F.2d 1366, 1370 (9th Cir. 1982).

Even if we accept MTI's contention that federal common law must be applied, an award of attorney fees would be improper in this case. The United States Supreme Court has recently reaffirmed the longstanding rule that attorney fees are not recoverable in the absence of statutory or contractual provisions or certain equitable considerations, such as the bad faith of a party. *Summit Valley Industries v. Local 112 United Brotherhood of Carpenters & Joiners,* —— U.S. ——, 102 S. Ct. 2112, 2114–15 (1982); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 257–59 (1975). Here, the commission specifically reversed the examiner and found as a fact that the district did not act in bad faith. The commission reversed the bad faith finding because it believed the district's claimed right to dis-

qualify Anderson, though in error, was not without possible legal basis or otherwise frivolous, and because it found no positive evidence of bad faith.

Taking all the evidence into account, we believe reasonable minds could conclude, as the commission did, that there was insufficient evidence to establish bad faith. MTI produced no direct evidence of bad faith. It argues that bad faith must be inferred from the fact that the district did not offer the job to Anderson after Hinze rejected it. The mere fact that the district acted pursuant to an erroneous belief that its obligation to select one of the employees was satisfied when it selected Hinze was insufficient evidence of bad faith. The commission noted that had MTI established that the district knew in advance Hinze would reject the offer, and that it adopted its interpretation and offered the job to Hinze simply to avoid giving the job to Anderson, it would have agreed with the examiner's finding of bad faith. The principal's failure to inform Anderson that Hinze had rejected the offer does not require a finding of bad faith. The district's interpretation was not without a possible legal basis. It could have believed it had already complied with the order and had no further obligation with regard to Anderson. The commission noted that, in addition to a possible legal basis, the district had a basis in fact for disqualifying Anderson. Although MTI produced evidence from which bad faith on the part of the district could be inferred, we believe reasonable minds could have reached a contrary conclusion.

MTI further argues that the commission failed to follow the procedure required by *Braun v. Industrial Commission*, 36 Wis. 2d 48, 57, 153 N.W.2d 81, 85 (1967), in reversing the examiner's findings of fact. *Braun* requires that the commission affirmatively show on the

record that it had the benefit of the examiner's personal impressions of material witnesses whose credibility is a basis for the findings being reversed. *Id.* The commission reversed the bad faith finding, however, not because it disagreed with the examiner's evaluation of witness credibility, but because it found that the district's erroneous interpretation of the arbitration award had some possible legal basis and because of a lack of positive evidence of bad faith. The *Braun* requirements are inapplicable to a commission reversal of factfinding not based on credibility determinations. *See Briggs and Stratton Corp. v. DILHR,* 43 Wis. 2d 398, 410–11, 168 N.W.2d 817, 823 (1969).

MTI also argues that the commission never specified what possible legal basis there may have been for the district's interpretation. The commission did, however, characterize the district's interpretation as a "literal reading of the Arbitrator's term 'select between them.' " It is clear that, in the absence of positive evidence of bad faith, the commission found that the district could in good faith, though mistakenly, have believed it complied with the award by selecting Hinze. This is not a finding based on credibility, rather it is a finding that MTI failed to meet its burden of establishing bad faith.

We are required to give due weight to the experience, technical competence and special knowledge of the commission in determining whether its findings are supported by substantial evidence. *Madison Gas & Electric Co.,* 109 Wis. 2d at 133, 325 N.W.2d at 342. Giving due weight to these factors, we conclude that the commission could reasonably find that bad faith had not been established. Since MTI has not demonstrated any of the requisites to an award of attorney fees, the commission properly deleted the award from the examiner's order.

The commission's denial of interest, however, must be reversed. The commission reversed the examiner's order for interest solely because it was premised on the finding of bad faith. The general rule in Wisconsin, however, is that prejudgment interest is available as a matter of law on fixed and determinable claims, *Murray*, 83 Wis. 2d at 438, 265 N.W.2d at 529, or where there is a reasonably certain standard for measuring damages. *First Wisconsin Trust Co. v. L. Wiemann Co.*, 93 Wis. 2d 258, 276, 286 N.W.2d 360, 368–69 (1980). In this case, the rate of pay was fixed, making the amount of backpay involved determinable. Anderson is entitled to interest on her backpay award at the statutory rate. The fact that interest was not demanded in the complaint is of no consequence. *See Bigley v. Brandau*, 57 Wis. 2d 198, 208, 203 N.W.2d 735, 741 (1973).

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions.