THE CITY OF WAUKEGAN, Plaintiff-Appellant, *v.* CHERIE FORSTER *et al.*,
Defendants-Appellees.

Second District   No. 76-223

Opinion filed May 8, 1978.

Donald H. Geiger, City Prosecutor, of Waukegan, for appellant.

Ralph J. Dady, of Waukegan, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, City of Waukegan, appeals from an order of the Circuit Court of Lake County dismissing complaints for ordinance violations filed against defendants, Cherie Forster and Lora Flanigan.

On August 20, 1975, defendants, each then 16 years of age, were arrested by officers of the Waukegan police department and charged by nontraffic complaints with the violation of ordinances of the City of Waukegan for disorderly conduct, resisting arrest, battery and minor drinking. On December 17, 1975, the trial court dismissed all the complaints against both defendants, finding it was without jurisdiction because of their ages.

Plaintiff appeals, contending section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7) neither prohibits a municipality from prosecuting a minor for the violation of all city ordinances nor deprives the circuit court of jurisdiction over such prosecution.

Section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7) provides, in part, as follows:

"(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.

(2) Subject to paragraph (1) of Section 2—8, any minor alleged to have committed a traffic, boating or fish and game law violation or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act."

Paragraph (1) of section 2—8 (Ill. Rev. Stat. 1973, ch. 37, par. 702—8(1)) prohibits the confinement of minors in a jail or place ordinarily used for the confinement of adults.

Plaintiff contends that because violations of the Waukegan ordinances with which defendants were charged were punishable by fine only the Juvenile Court Act does not prohibit their prosecution. Defendants, on the other hand, argue that plaintiff should not be allowed to circumvent the protections afforded juveniles under the Juvenile Court Act by charging them with ordinance violations which are substantially similar to offenses defined by the criminal statutes of this State for which they could not be prosecuted because the offenses are punishable by more than a fine. The trial court in its memorandum reasoned that the legislature could not have intended for minors to be subject to prosecution for such offenses because municipalities could not enact ordinances punishable by imprisonment prior to the amendment to the Municipal Code in 1969 (Ill. Rev. Stat. 1973, ch. 24, par. 1—2—1.1) which authorized the enactment of municipal ordinances providing for up to six months imprisonment. Thus, the inclusion of the term "ordinance" in section 2—7(1) would have been meaningless in 1965 when the Juvenile Court Act was enacted when considered with the exception delineated by section 2—7(2) which apparently would have exempted all ordinance violations. The trial court then concluded that the legislature did not intend that result.

The language contained in subsections (1) and (2) of section 2—7 is clear. They provide that no minor may be prosecuted under the criminal laws of the State or for violations of ordinances, *except* for the violation of traffic, boating or fish and game laws or offenses punishable only by fine. The exception to the general rule prohibiting the prosecution of minors under municipal ordinances does not differentiate between those ordinances modeled after State criminal statutes and other municipal ordinances.

The Illinois courts of review have not heretofore been called upon to determine the applicability of the Juvenile Court Act to a minor under the age of seventeen charged with violation of a municipal ordinance which is punishable by fine only but is also similar to a statutory criminal offense carrying other penalties. Our supreme court in *City of Danville v. Clark* (1976), 63 Ill. 2d 408, 348 N.E.2d 844, *cert. denied* (1976), 429 U.S. 899, 50 L. Ed. 2d 184, 97 S. Ct. 266, affirmed the conviction of a 15-year-old

defendant charged with violation of a municipal disorderly conduct ordinance, finding it was not necessary for the trial court to appoint a guardian ad litem to represent the minor in such a quasi-criminal prosecution. The court determined that section 2—7(2) removed that ordinance prosecution from the requirements of the Juvenile Court Act.

Defendants argue that the offenses with which they were charged, although violations of municipal ordinances and not State criminal statutes, are serious charges which, if they are convicted, may be used by future employers, schools and law enforcement agencies to their detriment in contravention to the public policy of the State. While the trial court felt that these charges were more serious than the "traffic, boating or fish and game law violations" also excepted by section 2—7(2), those other exceptions may also cause serious consequences, including imprisonment and loss of driving privileges, and certainly are subject to the same ramifications feared by defendants with regard to schools, future employers and law enforcement agencies.

The plain and unambiguous language of section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7) permits the prosecution of minors for municipal ordinance violations punishable by fine only. We cannot interpret this section to give a different import to that clear meaning.

For these reasons, the judgment of the Circuit Court of Lake County dismissing the complaints against defendants is reversed and the case is remanded for trial.

Reversed and remanded.

SEIDENFELD, P. J., and GUILD, J., concur.