THE VILLAGE OF GLEN ELLYN, Plaintiff-Appellant, v. FRANK T. FU-JINAGA, Defendant-Appellee.

Second District   No. 2—89—0317

Opinion filed November 2, 1989.

Brian R. McKillip, of Wheaton, for appellant.

No brief filed for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Frank T. Fujinaga, defendant, was charged in a nontraffic complaint ticket in the circuit court of Du Page County with possession of less than 10 grams of cannabis in violation of a Village of Glen Ellyn (Village) ordinance (Glen Ellyn, Ill., Municipal Code title 6, ch. 2, §6—2—3.16(B) (1981)), which is punishable by a fine only. Defendant appeared for arraignment on February 28, 1989, and the trial judge dismissed the complaint. The court ruled that the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 801 *et seq.*) precluded it from exercising jurisdiction over defendant, a minor.

The Village, plaintiff, appeals pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301) from the circuit court's dismissal of the complaint against defendant for possession of cannabis.[1] The issue raised is whether the circuit court had jurisdiction other than through the procedures contained in the Juvenile Court Act in this prosecution of a juvenile for violation of a Village ordinance where the penalty for its violation is a fine only.

On January 27, 1989, a verified nontraffic complaint and arrest ticket was executed and filed with the circuit court of Du Page County. The face of the complaint shows that defendant was born June 4, 1973, indicating that he was 15 years old at the time of the alleged offense. On February 28, 1989, defendant appeared with his parents for arraignment. When informed that defendant was 15 years old, the trial judge determined that he was without jurisdiction to hear the case against him because defendant was a juvenile. The court *sua sponte* dismissed the charge against defendant and informed him that any further proceedings on the matter would have to be brought in juvenile court. The court rejected the Village's contention that jurisdiction was proper because the offense charged carried a penalty of a fine only.

We note initially that no brief has been filed with this court

---

[1]Although the common-law record shows that defendant was also charged with theft under $300 in violation of another Village ordinance, the apparent dismissal of that charge has not been appealed.

on behalf of the defendant. However, where the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, as here, a reviewing court should decide the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) Although the Glen Ellyn village ordinance was not made part of the record, we take judicial notice of its provisions pursuant to section 8—1002 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 8—1002).

■ On appeal, the Village contends that although section 5—4(1) of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 805—4(1)) generally requires prosecutions against minor defendants to be carried out according to the Act's procedures in juvenile court, an exception to this requirement contained in section 5—4(2) of the Act is clearly applicable in the instant case. The relevant provisions of the Act which were in effect on January 27, 1989, read as follows:

"(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.

(2) Subject to paragraph (5) of Section 5—10, any minor alleged to have committed a traffic, boating or fish and game law violation whether or not the violation is punishable by imprisonment or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act." (Ill. Rev. Stat. 1987, ch. 37, par. 805—4.)

Although section 5—4(2) has been amended effective July 1, 1989 (Ill. Rev. Stat., 1988 Supp., ch. 37, par. 805—4(2)), the change does not bear on the question presented.

■ The Village maintains that, because the ordinance violation which defendant was charged with is punishable by a fine only, the Juvenile Court Act did not prohibit the circuit court from hearing this case.

In *City of Waukegan v. Forster* (1978), 59 Ill. App. 3d 842, 376 N.E.2d 356, this court had occasion to interpret a prior version of the statutory provision presently at issue. The provision interpreted in that case, section 2—7 of the Juvenile Court Act of 1965 (Ill. Rev. Stat. 1973, ch. 37, par. 702—7), stated that "any minor alleged to have committed *** an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in

this Act." (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(2).) This language is identical to that currently at issue so far as it concerns prosecutions for offenses punishable by a fine only. Therefore, our decision in *City of Waukegan v. Forster* controls the result in this case.

In *City of Waukegan v. Forster*, we held that the "plain and unambiguous language of [the section at issue] permits the prosecution of minors for municipal ordinance violations punishable by fine only." (*City of Waukegan*, 59 Ill. App. 3d at 844, 376 N.E.2d at 357-58.) The language of the version of the statute applicable here is the same, and we hold that the statute allows the prosecution of defendant for the Village ordinance prohibiting possession of cannabis without regard to the procedures set out in the Juvenile Court Act. Therefore, the trial court erred by dismissing the complaint against defendant.

The judgment of the circuit court dismissing the Village's complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and INGLIS, J., concur.