**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Robert Westphalen, Defendant-Appellant.**

Gen. No. 51,834.

First District, Third Division.

May 9, 1968.

Benjamin Shapiro, of Chicago (Harry G. Fins, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, and Harry H. Pollack, Special Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was charged with eight building code violations relating to an apartment building at 3940 South Wentworth Avenue, Chicago, Illinois. He pleaded not guilty, waived a jury and proceeded to trial. During the course of the trial the plaintiff made an oral motion

to nonsuit Count 1 of the complaint, which motion was granted over objection. The defendant was found guilty on the remaining Counts 2 through 8, and fined $250 and costs. He appeals from that judgment.

Three charges of error made by the defendant merit consideration: (1) that the complaint fails to state a cause of action; (2) that the court erred in nonsuiting Count 1 after the trial was in progress; and (3) that the defendant was not proven guilty on Counts 2 through 8 by a clear preponderance of the evidence.

The complaint alleges building violations as follows:

| COUNT | CODE SECTION | FAILED TO (OR DID) |
|---|---|---|
| 1 | 43–1<br>78–8.2<br>78–10.1 & 2 | Deconvert building to its original plan or construction or comply with the code provisions and requirements for converted or altered structures. |
| 2 | 67–4<br>78–15.1 & 4 | Provide additional means of egress for the following location: 2nd flr. rear apt. |
| 3 | 52–2 | Provide walls or partitions separating each dwelling from all other parts of building with materials having not less than one (1) hour fire resistance—1st and 2nd flr. between apts. |
| 4 | 78–17.5<br>78–3a | Repair or replace defective or missing members of porch system—2nd flr. catwalk. |
| 5 | 78–17.2e | Place the surfaces of walls and ceilings in a clean, smooth and tight condition —Throughout. |

| COUNT | CODE SECTION | FAILED TO (OR DID) |
|-------|--------------|---------------------|
| 6 | 78–17.2a & b | Repair or rebuild defective floors—Throughout. |
| 7 | 78–17.3b | Repair or replace defective window sash—Throughout. |
| 8 | 78–17.3 78–3a | Repair or replace defective window frame—Throughout. |

With respect to the first contention, defendant argues that the complaint failed to state a cause of action on any of the counts therein, and contends that a substantial defect of this nature may be raised for the first time on appeal. The plaintiff accepts this general statement of the law, but points out that nowhere does defendant show *why* the complaint does not state a cause of action. We gather from the explanation given on oral argument that defendant objects to the alternative phrase, "FAILED TO (OR DID)," which appears in the heading of the complaint, in that it creates an ambiguity.

 In a suit for a violation of a municipal ordinance civil rules of procedure are applicable and the complaint need not be drawn with the precision of an indictment or information. City of Chicago v. Berg, 48 Ill App 2d 251, 199 NE2d 49; Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233. A complaint ambiguous or deficient in some respects but which otherwise states a cause of action is subject to objection properly and timely made. If no objection is made, the objection is deemed to have been waived. City of Chicago v. Berg, supra; City of Chicago v. Campbell, 27 Ill App2d 456, 170 NE2d 19; Ill Rev Stats, c 110, § 42(3) (1965). The only question then is whether a cause of action is stated.

 The City's complaint described the particular property and stated the precise sections of the Code allegedly violated. This was followed by a statement of each violation. The mere fact that one of the alternatives in the heading, "FAILED TO (OR DID)," is not stricken

does not render the complaint meaningless because it is clear beyond cavil that the words "FAILED TO" are applicable and that the words "(OR DID)" are not. Defendant was reasonably informed of the nature of the alleged violation.

Defendant next contends that Count 1 of the complaint was erroneously nonsuited in that the plaintiff failed to comply with the requirements of section 52(1) of the Civil Practice Act with respect to voluntary dismissals. That section provides that once a trial has commenced, the plaintiff may dismiss his action without prejudice only on terms fixed by the court (a) upon filing a stipulation signed by the defendant consenting thereto, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. Ill Rev Stats, c 110, § 52(1) (1965). An oral motion alone is insufficient to comply with the requirements for consent after commencement of the suit. Gunderson v. First Nat. Bank, 296 Ill App 111, 16 NE2d 306; Doody v. Doody, 28 Ill2d 191, 190 NE2d 734. In the instant case the defendant did not stipulate to the nonsuit and the plaintiff failed to support its motion by affidavit or other proof, as required by statute. This, the defendant argues, deprived him of the protection of res judicata in that the plaintiff was thereafter free to renew the action on Count 1 notwithstanding the aborted hearing on the merits thereon. Plaintiff's motion for nonsuit should have been denied.

The plaintiff, having commenced this action and proceeded to trial, is bound to prosecute the action to its conclusion or to seek a voluntary dismissal in the manner required by the Practice Act. Count 1 therefore must be reinstated and the plaintiff must proceed with the trial thereof or it should be dismissed by the court.

The final point to be considered is defendant's contention that the City failed to prove the alleged violations by a clear preponderance of the evidence. The City con-

cedes that no evidence was presented as to Count 3 relating to fire resistant walls or partitions, and that count should be dismissed. We proceed to consider whether the remaining counts were proved as required.

■ In Count 2 the defendant is charged with failing to provide two exits for the second floor rear apartment, as required by the Municipal Code. Chicago, Illinois, Municipal Code, § 67–4 (1949). Defendant contends that either the apartment had two exits or that it is within an exception set forth in the ordinance. The building inspector, testifying for the City, stated that the second-floor rear apartment has two separate doors leading to the exterior. One door opens onto a rear porch and the other opens into a catwalk which leads to the same porch. A single stairway leads from the porch to the ground. The City contends that since both doors lead to the same stairway, there is only a single means of egress and hence only one exit. This theory is supported by the definition of *exit* contained in the ordinance, from which it is clear that a complete exit consists of such components as may be required to provide unobstructed and continuous egress from the dwelling unit to the ground. Chicago, Illinois, Municipal Code, § 67–2(a) & (e). In the instant case the doorways and other exit connections culminate in the single stairway and taken together form a single exit.

■■ We proceed to the contention that the dwelling unit in question was an exception to the general regulation and that only one exit was necessary. The exception on which the defendant relies (Municipal Code, supra, § 67–4(e)) provides as follows:

> "In Multiple Dwellings, one-exit door shall be permitted to a public corridor from a dwelling unit having not more than five habitable rooms and having an area not exceeding 1,000 square feet."

337

No evidence was adduced at the trial as to the area of the dwelling or the number of rooms therein. When a party seeks to avoid the general application of a statute or ordinance and seeks to establish his case as within an exception thereto, it is incumbent upon him to prove those facts which would bring him within the defined exception. In other words, a party wishing to benefit by an exception must prove that he comes within it. City of Chicago v. Elmhurst Nat. Bank, 35 Ill App2d 383, 183 NE2d 171; People v. One Mechanical Device, 9 Ill App2d 38, 132 NE2d 338. Defendant has not shown that the building is within the exceptions set forth in the ordinance.

 This leaves Counts 4 through 8, in which the City charges defendant with five maintenance violations. Defendant contends that the City's evidence is meaningless and does not prove him guilty by a clear preponderance of the evidence. In only one of these instances did the City offer evidence of any specific fact which would constitute an ordinance violation. Count 5 alleges a violation of section 78-17.2(e) of the Municipal Code which reads as follows:

> "Plaster, paint, and all other surface materials shall be of such character as to be easily cleanable, and are reasonably smooth, clean and tight."

The building inspector testified that the walls and ceilings had flaking paint and the only evidence offered in response was the defendant's testimony that the condition of the surface of the walls and ceilings at 3940 South Wentworth was in "A number one shape." In view of this conflicting testimony the court was asked to determine the credibility of the witnesses. The testimony of the City's witness, if believed, was sufficient to support a finding that the ordinance had been violated. The

court so found and the finding of fact is not contrary to the manifest weight of the evidence. The judgment as to Count 5 is affirmed.

With respect to the remaining Counts 4, 6, 7 and 8, the City's witness testified only that the porch, floors, window sashes and frames were "defective," and although that term denotes a fault, flaw or insufficiency, it is a vague conclusion when used to describe the physical condition of a structure as related to the requirements of a building code. The applicable provisions of the Municipal Code are specific and set out the physical characteristics which are to be considered in determining whether or not a structure is to be deemed defective. In the absence of any testimony as to such specific facts or a description of the actual conditions, the statement that they were "defective" is a conclusion, insufficient in itself to support a finding of guilty on the counts in question, and accordingly the judgment as to those counts will be reversed.

Judgment of guilty is affirmed as to Counts 2 and 5 and is reversed as to Counts 3, 4, 6, 7 and 8. The cause is remanded for further proceedings with regard to Count 1 in accordance with the views hereinbefore expressed and for the assessment of fines as to Counts 2 and 5, and for such other and further proceedings as are consistent with the views herein expressed.

Judgment affirmed in part, reversed in part, and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.