KOULA SILVESTROS, Indiv. and as Ex'x of the Estate of Anthanasios S. Silvestros, a/k/a Tom Silvestros, Plaintiff-Appellee, v. SILVESTROS SILVESTROS, Defendant-Appellant.

First District (4th Division) No. 83—2825

Opinion filed April 4, 1985.

S. Ira Miller, of Chicago, for appellant.

Leonard Karlin, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Silvestros Silvestros, appeals an order of the trial court granting plaintiff's oral motion for nonsuit after trial began. Plaintiff is Koula Silvestros, the executrix of the estate of Anthanasios Silvestros, also known as Tom Silvestros. At issue is whether the trial court abused its discretion when it granted plaintiff's oral motion for a nonsuit.

We reverse.

On October 28, 1980, plaintiff filed a complaint for an injunction and an accounting which alleged that she is the widow and sole heir of Tom Silvestros, who died May 14, 1979. Defendant is Tom's nephew. Plaintiff alleged that defendant and Tom owned and operated the Silver House restaurant in Chicago. When the restaurant opened, Tom invested $150,000 for a one-half interest. Shortly after Tom's death, defendant admitted to plaintiff that Tom owned 50% of the venture, although there were no written contracts. Even though the restaurant

was organized as a corporation, Tom owned no stock because he did not want to be disclosed as an owner. Plaintiff demanded an accounting from defendant and asked that the court find that she owned a 50% interest in the restaurant.

On August 3, 1981, defendant answered plaintiff's complaint, denying that the deceased had an interest in the restaurant and denying that he had admitted such ownership to plaintiff. On September 28, 1981, the cause was dismissed for want of prosecution but was reinstated on October 6, 1981.

On October 7, 1982, defendant submitted interrogatories to plaintiff requesting the names and addresses of all persons who had relevant knowledge of matters in the complaint. A court order, dated January 26, 1983, set trial for September 6, 7 and 9, 1983, with discovery to close on August 1, 1983. The cause was dismissed a second time on September 3, 1983, because of plaintiff's failure to appear. The case was reinstated on October 5, 1983. At a hearing on that date, the trial judge stated to plaintiff's attorney: "I think you first better get your pleading in shape ***. Or are you going to go on Mr. Belroy's [plaintiff's previous attorney] pleadings?" He also stated: "Do you want me to put this down for trial, or do you want to get the pleadings straightened out?" Plaintiff's attorney indicated that he would "clarify things" with defense counsel before trial so that the "trial [would] not be too long."

The trial began on October 25, 1983. Plaintiff called John Dragazis as her first witness. He was allowed to testify even though defendant had no notice that he would be a witness. According to defense counsel, plaintiff never answered defendant's interrogatories.

Dragazis testified that in 1976 he was hired to be the manager of the West Lawn restaurant by Tom Silvestros. Subsequently, he observed the construction of the Silver House restaurant. When it opened, Tom hired him as a manager. Dragazis managed the restaurant from 2 p.m. until 11 p.m. or midnight. Tom relieved Dragazis and worked until about 11:30 a.m.

Silvestros Silvestros was called as an adverse witness. He owned the Silver House restaurant and had previously owned the West Lawn restaurant, which was sold in 1976. During Silvestros' testimony, plaintiff asked leave to file an amended complaint after the court pointed out defects in her complaint. Plaintiff's oral motion for a nonsuit was granted. Defendant appeals, asking that the cause be dismissed with prejudice, or remanded for continuation of the trial, or for a hearing on his costs and damages.

Defendant argues that the trial court improperly granted plaintiff's

motion for a nonsuit. The voluntary dismissal statute provides in pertinent part as follows:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009(a).)

According to defendant, plaintiff did not dismiss upon stipulation signed by defendant and she did not specify grounds for dismissal supported by affidavit and other proof, and the trial court did not fix the terms for dismissal. Defendant also claims that plaintiff abandoned her duty to prosecute with due diligence and without *laches*.

▮▮ The Code of Civil Procedure requires a defendant's signature on a plaintiff's voluntary dismissal stipulation. Although a motion for the voluntary dismissal of plaintiff's suit after trial has begun is addressed to the discretion of the trial court and is reversible only for abuse of that discretion (*Newlin v. Foresman* (1982), 103 Ill. App. 3d 1038, 1045, 432 N.E.2d 319, 325), an oral motion alone is insufficient to comply with the requirements for consent after commencement of the suit (*City of Chicago v. Westphalen* (1968), 95 Ill. App. 2d 331, 336, 238 N.E.2d 225, 227). Ruling that the trial court erred in granting a nonsuit to a count in plaintiff's complaint on plaintiff's oral motion, we stated the following in *City of Chicago v. Westphalen* (1968), 95 Ill. App. 2d 331, 336, 238 N.E.2d 225, 227:

> "Plaintiff's motion for nonsuit should have been denied.
>
> The plaintiff, having commenced this action and proceeded to trial, is bound to prosecute the action to its conclusion or to seek a voluntary dismissal in the manner required by the Practice Act [now the Code of Civil Procedure]. Count 1 therefore must be reinstated and the plaintiff must proceed with the trial thereof or it should be dismissed by the court."

Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JIGANTI, P.J., and ROMITI, J., concur.