642 So.2d 624 (1994)
Mark ARRUDA, Appellant,
v.
GOLD CREST KITCHENS and Executive Risk Consultants, Inc.; and Casto Homes, Inc. and Royal Insurance, Appellees.
No. 93-1293.
District Court of Appeal of Florida, First District.
September 14, 1994.
*625 Julia A. Wagner of Wagner, Nugent, Johnson & McAfee, West Palm Beach, for appellant.
Cheryl Wilke of Rigell & Leal, P.A., West Palm Beach, for Gold Crest Kitchens and Executive Risk Consultants, Inc.
Kennie L. Edwards of Danielson, Clarke, Pumpian & Ford, P.A., West Palm Beach, for Casto Homes, Inc. and Royal Insurance, appellees.
ERVIN, Judge.
Claimant, Mark Arruda, appeals an order in which the judge of compensation claims (JCC) found him to be an independent contractor and denied his claim for benefits. We reverse and remand, concluding that Arruda is an employee of appellee, Gold Crest Kitchens, a subcontractor which contracted with Arruda to install cabinets.
Under the factors articulated in Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), Arruda would be appropriately considered an independent contractor, as the JCC concluded. The JCC did not, however, consider the effect of certain 1991 amendments to the definition of "employee" in section 440.02(13), Florida Statutes (1991).[1] The JCC correctly found Arruda's work status to be that of a sole proprietor. Formerly, the definition of "employee" in section 440.02 included only those sole proprietors who had affirmatively elected to be included within such definition. See Boyd-Scarp Enters., Inc. v. Saunders, 453 So.2d 161, 163 (Fla. 1st DCA 1984). The definition of employee was amended in 1991 and now includes sole proprietors actively engaged in the construction industry, "unless they elect to be excluded from the definition of employee by filing written notice of the election with the division." § 440.02(13)(c), Fla. Stat. (1991) (emphasis added). Moreover, section 440.02(13)(d)(5) states that a sole proprietor actively engaged in the construction industry is not an employee if he or she "elects to be exempt from the provisions of this chapter." (Emphasis added.) No evidence was submitted that Arruda had elected to be excluded or exempted from chapter 440. We therefore conclude that Arruda is an employee of Gold Crest, rather than an independent contractor.
We reject the assertion of appellee, Casto Homes, Inc., the general contractor, that section 440.02(13)(d)(1), which provides that an independent contractor is not an employee, should apply to Arruda, because it is more specific than section 440.02(13)(c). On the contrary, the more specific language of sections 440.02(13)(c) and 440.02(13)(d)(5) appears to have been added to the definitional statute to ensure that sole proprietors in the construction trade are not considered "independent contractors," unless they make an affirmative decision to come within such category.
Although we conclude that Arruda is the employee of Gold Crest, the record shows that Gold Crest may not have provided workers' compensation insurance that covers him. If this is established on remand, then Arruda may be considered the "statutory employee" of Casto Homes, pursuant to section 440.10(1)(b), Florida Statutes (1991),[2] for the purpose of paying benefits. See Swartout v. *626 Lewis & Assoc. Dev. Corp., 548 So.2d 804 (Fla. 1st DCA 1989) (employee of subcontractor may be "statutory employee" of contractor, absent proper coverage by subcontractor). We remand with directions for the JCC to determine which party is liable for same.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF and KAHN, JJ., concur.
NOTES
[1] These amendments apply to this case, as they took effect January 24, 1991, one month before Arruda's accident of February 24, 1991. Ch. 91-2, §§ 1, 11, at 123-24, 130, Laws of Fla.
[2] That statute provides:

In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
§ 440.10(1)(b), Fla. Stat. (1991) (emphasis added).