734 So.2d 596 (1999)
Carl ARMSTRONG, Appellant,
v.
ORMOND IN THE PINES and Wausaw Insurance Company, Appellees.
No. 98-2773.
District Court of Appeal of Florida, First District.
June 30, 1999.
Donald Van Dingenen, Winter Park, and Bill McCabe, Longwood, for Appellant.
Jessica M. Unwin, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellees.
KAHN, J.
This workers' compensation case turns on appellant Carl Armstrong's employment status at the time of his workplace injury on January 28, 1997. The Judge of Compensation Claims (JCC) found that Armstrong was not an employee and accordingly *597 was entitled to no workers' compensation benefits from the employer/carrier (E/C), appellees in this appeal. We reverse because the E/C did not prove their entitlement to a limited statutory exception that denies coverage to certain sole proprietors engaged in the construction industry.
Appellee Ormond in the Pines (Ormond) operates a 60-bed nursing home in Volusia County. In 1996, Ormond contracted with a company called Purchasing and Design for certain tile installation in the nursing home. The owner of Purchasing and Design asked Armstrong, a Purchasing and Design employee, to meet with nursing home personnel to discuss the tile installation job. Purchasing and Design began the job in mid-December 1996. Shortly after that, however, Purchasing and Design filed for bankruptcy and abandoned the job, leaving it unfinished.
On January 7, 1997, Armstrong attended a meeting at Ormond with several Ormond administrators. Together they discussed the prospect of having Armstrong complete the tile installation job. Armstrong had prepared a proposal itemizing the cost per foot and yard. Ultimately, Ormond contracted with Armstrong to do a specific job in return for a certain dollar amount for each portion of the job performed. Ormond's personnel testified that they did not consider Armstrong an employee. On January 28, 1997, Armstrong injured his back while moving a box of tile. The pretrial stipulation filed in this case reveals that Ormond denied Armstrong's status as an employee.
In the compensation order, the Judge of Compensation Claims (JCC) made extensive findings on the statutory factors determinative of independent contractor status. See § 440.02(13)(d)1., Fla. Stat. (1995). Based upon these findings, the JCC determined that Armstrong was "an independent contractor on 1/28/97 and ... he was not an employee of the employer." The JCC then rejected Armstrong's contention that he qualified as a sole proprietor actively engaged in the construction industry by making the following determination: "I find that the employer is not a business operating in the construction industry and there was no evidence presented to support the conclusion that the employer was performing construction work in order to sell or resell their premises."
The Florida Workers Compensation Act provides a very specific rule for determining the employment status of certain construction workers:
Partners or sole proprietors actively engaged in the construction industry are considered employees unless they elect to be excluded from the definition of employee by filing written notice of election with the division as provided in s. 440.05.
§ 440.02(13)(c), Fla. Stat. (1995). The Act provides a similarly specific definition for "construction industry":
"Construction industry" means for-profit activities involving the carrying out of any building, clearing, filling, excavation, or substantial improvement in the size or use of any structure or the appearance of any land. When appropriate to the context, "construction" refers to the act of construction or the result of construction. However, "construction" shall not mean a landowner's act of construction or the result of a construction upon his or her own premises, provided such premises are not intended to be sold or resold.
§ 440.02(13)(7), Fla. Stat. (1995). The Act also lists nine conditions that must be met for an independent contractor to be considered as anything other than an employee for purposes of workers compensation benefits. § 440.02(13)(d)1.a.-i, Fla. Stat. (1995). In the case of a construction worker, the JCC must initially determine whether the worker is a partner or sole proprietor actively engaged in the construction industry. If a worker falls into this status, the JCC need not address the statutory criteria describing an independent *598 contractor. See Arruda v. Gold Crest Kitchens, 642 So.2d 624, 625 (Fla. 1st DCA 1994)("[T]he more specific language of sections 440.02(13)(c) and [former] 440.02(13)(d)(5) appears to have been added to the definitional statute to ensure that sole proprietors in the construction trade are not considered `independent contractors,' unless they make an affirmative decision to come within such category."). Under the present statute, a sole proprietor actively engaged in the construction industry is considered an employee for workers compensation purposes unless the sole proprietor elects to be excluded from the definition of employee by filing written notice of such election with the Division of Workers' Compensation. § 440.02(13)(c), Florida Statutes (1995). Here, the E/C advance no contention that Armstrong made such an election.
Notwithstanding the teaching of Arruda, and the clear provisions of the statute concerning certain workers engaged in the construction industry, it appears to us that the parties tried this case primarily on the question of whether Armstrong qualified as an independent contractor under section 440.02(13)(d)1. Nevertheless, Armstrong's counsel at least pointed out in opening statements to the JCC that Armstrong was a sole proprietor and "did work in the construction industry." Counsel also noted that the trial memorandum prepared by counsel for the E/C indicated that Armstrong "contracted to perform certain construction work." At no point in this case did the E/C ever argue that Armstrong was not engaged in the construction industry. The JCC, however, made such a finding sua sponte.
Under the statutory scheme, employee status for independent contractors in general, and construction industry workers in particular, serves as the default position. The wording of section 440.02(13)(c) illustrates this point as it provides that "an independent contractor is an employee" unless he or she meets all of the conditions set forth in subparagraph (d)1. Moreover, under subsection (13)(c) and the holding of Arruda, partners or sole proprietors actively engaged in the construction industry are considered employees, absent an election to the contrary, whether or not they are independent contractors. Because the JCC focused on the landowner exemption to the definition of "constructor" in section 440.02(7), our analysis comes down to whether the JCC properly employed that exemption. By its terms, the exemption applies to construction by a landowner "upon his or her own premises, provided such premises are not intended to be sold or resold."
Here, it is clear that Armstrong was a sole proprietor contracted by Ormond to do construction work. Neither party disputed this and, in fact, the E/C admitted this in their trial memorandum. On appeal, the E/C argue that no evidence placed Armstrong outside the limited landowner exception contained in section 440.02(7), and, therefore, the JCC ruled correctly. Armstrong agrees that no evidence was presented on the landowner exemption, but argues that the E/C had the burden on that issue. We agree.
We hold that once a claimant either adduces evidence or demonstrates a lack of material dispute that he or she is a sole proprietor in the construction industry, the burden shifts to the employer seeking the benefit of the exception contained in the last sentence of section 440.02(7). The statute itself uses the word "however" to introduce the exception. This grammatical device indicates to us a legislative intent to create an exception contrary to the general rule. Case law places the burden of proving entitlement to such an exception on the E/C.
The exception applies, by its own terms, to certain acts by a "landowner." When the exception is invoked, it will be the purported employer who is also the landowner. Such landowners are entitled to exemption if the construction is upon the landowner's own premises and these *599 premises are not intended to be sold or resold. It is reasonable to conclude that the proofs relevant to this exception would be within the easy grasp of a landowner seeking the benefit of the exception. "Adhering to the common law guide ... the party in the best position to present the requisite evidence should bear the burden of proof." United States v. Continental Ins. Co., 776 F.2d 962, 963 (11th Cir. 1985). Here, Ormond presented no evidence at all to suggest its entitlement to the exception.
Further, as a general proposition, "[i]t is incumbent on those relying on an act for protection to bring themselves within the specifications laid down...." Robbins v. Webb's Cut Rate Drug Co., 153 Fla. 822, 16 So.2d 121, 123 (1943). More specifically, "an exception to a statute must be proven by the one seeking to establish it." Mayo's Clinic v. Livingston, 172 So.2d 619, 620 (Fla. 2d DCA 1965). See also City of Chicago v. Westphalen, 95 Ill.App.2d 331, 238 N.E.2d 225, 228 (1968) ("When a party seeks to avoid the general application of a statute or ordinance and seeks to establish his case as within an exception thereto, it is incumbent upon him to prove those facts which would bring him within the defined exception. In other words, a party wishing to benefit by an exception must prove that he comes within it.").
The practical effect of requiring the E/C to shoulder the burden of proving the exemption is to declare that the landowner exemption is a defense in workers' compensation proceedings where a claimant shows he is a partner or sole proprietor actively engaged in the construction industry. Here, the landowner defense "was never raised properly by the employer/carrier, and thus the JCC should not have made a finding in reliance upon this defense." Marbury v. Holiday Inn, 660 So.2d 799, 800 (Fla. 1st DCA 1995). Thus, the JCC erred in making, sua sponte, the finding concerning the landowner exception. The JCC's finding that "the employer is not a business operating in the construction industry" is surplusage. Under the statute, the question is whether the partner or sole proprietor seeking employee status is "actively engaged in the construction industry." § 440.02(13)(c), Fla. Stat. (1995).
The JCC should have concluded, as a matter of law, that Armstrong was at the time of his injury a sole proprietor actively engaged in the construction industry. We therefore REVERSE the order under review and REMAND for further proceedings.
JOANOS and ALLEN, JJ., CONCUR.