PER CURIAM.
Irena Bogdanova, appellant, injured on June 4, 1999, while performing an acrobatic act in the Royal Hanneford Circus, ap-pellee, appeals from a final workers’ compensation order determining that she was not an employee of the Circus, but rather an independent contractor (IC). Because we conclude that competent, substantial evidence (CSE) supports the decision of the judge of compensation claims (JCC), we affirm.
Appellant’s initial argument is that the judge erred in finding her to be an IC, because he had struck the Circus’s IC defense due to its dilatory tactics; therefore, the Circus should have been disallowed from maintaining its IC defense. Cf. Armstrong v. Ormond in the Pines, 734 So.2d 596 (Fla. 1st DCA 1999) (observing that what is now section 440.014(c), Florida Statutes, presumes that an IC is an employee; therefore, the burden is on the party denying such status to prove such defense). Appellant urges that the Circus could not meet its burden because its defenses had been struck. We cannot agree.
After the JCC had entered his order disallowing the Circus’s denial of appellant’s employment status, the Circus moved to set it aside, and in ruling there *1164 on, the judge entered an order that can only be described as confusing. The judge initially decided: “I find that the interests of justice will best be served by allowing the E/C [employer/carrier] to present evidence at trial on their defenses in this claim.” Nevertheless, the order inconsistently concluded: “[I]t is hereby Ordered and Adjudged that the E/C’s motion to set aside the Order of 9/13/01 is ... denied.” In that the JCC allowed the Circus to present the IC defense at the evidentiary hearing and denied the claim on that'basis, we conclude that the portion, of order granting the motion to strike must be considered a typographical error which was “readily correctable” if appellant, the party aggrieved by the inconsistency, had brought it to the judge’s attention by motion for rehearing.
This is precisely the type of error that Rule 4.141 of the Florida Rules of Workers’ Compensation Procedure was designed to correct. The Florida Supreme Court adopted rule 4.141, authorizing motions for rehearing, in response to case law wherein this court had held that readily correctable technical errors should be brought to the JCC’s attention during the 30-day period before the order becomes final. See Fla. R. Work. Comp. P. 4.141 Comm. Notes, 1984 Adoption (citing Dade Am. Hosp. Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982), and Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981)). The misstatement in the order at bar was tailor-made for such a motion for rehearing. Rule 4.141(b) provides that the purpose of a motion for rehearing shall be limited to the following:
(1) calling] attention to typographical, technical, and scrivener’s errors;
(2) challenging] rulings that were outside the scope of the issues presented; or
(3)seeking] clarification in matters of law or fact that the judge overlooked or misapprehended.
See Wal-Mart Stores v. Lopez, 742 So.2d 301 (Fla. 1st DCA 1998) (concluding that the JCC’s award of 108 weeks of benefits rather than the statutory maximum of 104 weeks, was a readily correctable error that the E/C should have raised by motion for rehearing).
On the merits, we agree that CSE supports the claimant’s classification as an IC under the criteria listed in section 440.02(14)(d)(l), Florida Statutes (1999).
AFFIRMED.
ERVIN and DAVIS, JJ., concur; BENTON, J., concurs in result.