952 So.2d 583 (2007)
FLORIDA DEPARTMENT OF FINANCIAL SERVICES as Receiver for Associated Business & Commerce Insurance Corp., Appellant,
v.
MJ VERSAGGI TRUST d/b/a Versaggi Properties, Appellee.
Nos. 2D06-687, 2D06-2057.
District Court of Appeal of Florida, Second District.
March 9, 2007.
*584 Ralph W. Symons of Ralph W. Symons, P.A., Miami, for Appellant.
John J. Dingfelder and Thomas P. Scarritt, Jr. of Scarritt Law Group, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
In these consolidated cases, the Department of Financial Services appeals a final summary judgment in favor of the MJ Versaggi Trust and an order determining that the Trust is entitled to attorney's fees. While the latter order establishes the Trust's entitlement to fees, it leaves the amount of the fee award to be determined. For that reason, it is nonfinal and nonappealable. We therefore dismiss the appeal in case number 2D06-2057. See McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994). In the appeal of the final summary judgment, however, we hold that the record before the circuit court did not establish the Trust's entitlement to judgment. Therefore, we reverse the judgment and remand for further proceedings.
This dispute concerns the premium due on an insurance policy securing payment of workers' compensation benefits. See § 440.38(1)(a), Fla. Stat. (1997). In 1997, the Trust began refurbishing an apartment building. It contracted with ABC Insurance Co. to secure workers' compensation coverage for the Trust's employees. See id.; § 440.02(13)(a) (defining an employee). In addition to its employees, the Trust engaged two other men, Freundl and Lehmkuhle, to work on the project. For purposes of calculating the ABC policy premiums, these men were treated as independent contractors and not deemed to be covered employees.
In 1998, ABC became insolvent and went into receivership. After the Trust's workers' compensation policy period expired, the Department, as ABC's receiver, conducted an audit of the policy. It determined that, for purposes of workers' compensation coverage, Freundl and Lehmkuhle should have been treated as employees instead of independent contractors. It notified the Trust that an additional policy premium was due for coverage of the two men. The Trust countered that the men were not employees under the Workers' Compensation Law and refused to remit the additional premium payment. The Department then sued the Trust.
In due course, the Trust moved for summary judgment. It contended that, as a matter of law, Freundl and Lehmkuhle were independent contractors and that the Trust had no legal obligation to provide workers' compensation coverage for them. See § 440.02(13)(d)(1) (providing that an "employee" for purposes of the Workers' Compensation Law does not include an independent contractor). The Department countered that Freundl and Lehmkuhle were employees because the two men were in the construction industry and had not elected to be excluded from that definition as required in section 440.02(13)(c). That subsection states that "[p]artners or sole proprietors actively engaged in the construction industry are considered employees *585 unless they elect to be excluded from the definition of employee by filing written notice of the election with the [Division of Workers' Compensation of the Department of Labor and Employment Security] as provided in s. 440.05." See also § 440.02(13)(d)(8) (providing that an "employee" does not include "[a] sole proprietor . . . who actively engages in the construction industry . . . who elects to be exempt from the provisions" of the Workers' Compensation Law). Section 440.05 sets out the requirements for the election notice.
In support of its motion for summary judgment, the Trust tendered copies of notarized preprinted forms that had been completed by Freundl and Lehmkuhle at the time they were hired to work on the apartment renovation project. The forms, promulgated by the Division of Workers' Compensation, were entitled "Construction Industry Certificate of Election To Be Exempt From the Florida Workers' Compensation Law." They contained a blank in which the person seeking the exemption was required to state the "legal business name of sole proprietorship, partnership, or corporation." Freundl and Lehmkuhle each wrote his full name in the blank provided. Each form also included an "affidavit of independent contractor status," in which the signer swore that he met the nine tests for independent contractor status delineated in section 440.02(13)(d)(1). Freundl and Lehmkuhle each completed an affidavit indicating that he was an "owner/proprietor."
But merely completing the form does not satisfy the requirements for an exemption under section 440.05(3). That statute provides that the notice of election must be mailed to the Division of Workers' Compensation and that the notice is not effective "until 30 days after the date it is mailed." § 440.05(4). After the Division receives the notice and determines that it meets the statutory requirements, it issues a certification of the election.
The statutory requirements of mailing and certification were evident on the forms that Freundl and Lehmkuhle completed. For example, each form contained a printed statement informing the recipient that "as of 12:01 a.m. 30 days following the date of the mailing of this form, you are hereby notified that the following Sole Proprietor, Partner or Corporate Officer of the abovenamed business does elect to be exempt from the provisions of the Florida Workers' Compensation Law." Also, in the upper right-hand corner of the form was a box to be filled out by the Division. The box contained blanks in which the Division could note the "effective date," the "employer #," and the "postmark date," followed by the statement that "this notice will be valid from the effective date above until a notice of revocation is filed by the sole proprietor, partner or corporate officer making this election." None of the blanks in this box were completed on either Freundl's or Lehmkuhle's form.
The evidence before the court on the Trust's motion for summary judgment consisted only of the above-described forms completed by Freundl and Lehmkuhle and the affidavit of one of the trustees. The trustee's affidavit stated that the Trust was engaged in the "construction industry" as defined in section 440.02. The forms established that Freundl and Lehmkuhle considered themselves to be sole proprietors of businesses engaged in the construction industry. But the forms did not reflect that they had been mailed to or received by the Division of Workers' Compensation, and no other evidence was submitted to demonstrate that this had been done.
We review a summary judgment de novo. Our review entails a two-pronged analysis: a summary judgment is proper *586 only if there remains no genuine issue of material fact and only if the moving party is entitled to judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Poe v. IMC Phosphates MP, Inc., 885 So.2d 397, 400-01 (Fla. 2d DCA 2004). Relying on Freundl's and Lehmkuhle's affidavits contained in the exemption forms, the circuit court concluded that they were independent contractors, that they were therefore exempt from the definition of an "employee" for purposes of workers' compensation, and that the Trust was therefore not obligated to obtain workers' compensation coverage for them. See § 440.02(13)(d)(1). This was error.
As explained in Arruda v. Gold Crest Kitchens, 642 So.2d 624, 625 (Fla. 1st DCA 1994), a person who is a sole proprietor in the construction industry cannot be considered an "independent contractor" unless he or she makes the affirmative election to come within that category as set forth in section 440.05. The court noted that the specific language addressing the construction industry in sections 440.02(13)(c) and 440.02(13)(d)(8)[1] controlled over the more general language discussing independent contractors in section 440.02(13)(d)(1). Arruda, 642 So.2d at 626; see also Armstrong v. Ormond in the Pines, 734 So.2d 596, 597-98 (Fla. 1st DCA 1999) (citing Arruda, and noting that in the case of a construction worker who is a sole proprietor, the general statutory criteria for an independent contractor set forth in section 440.02(13)(d)(1) need not even be addressed). Thus, even though Freundl and Lehmkuhle swore that they met the independent contractor definition, under these facts their affidavits were not legally sufficient to exempt them from the definition of an employee for workers' compensation purposes. See § 440.02(13). In addition, they were required to seek and obtain a valid certificate of exemption as delineated in section 440.05.
The Trust presented no evidence of whether or when Freundl's and Lehmkuhle's exemption forms were mailed to the Division. Because the forms in evidence did not contain the Division's notations of their effective dates, proof of the dates they were mailed was essential to establish that they were valid certificates of exemption.
Under the Workers' Compensation Law, employee status is the default position. See § 440.02(13)(a); Armstrong, 734 So.2d at 598. The evidence submitted by the Trust was insufficient to prove that Freundl and Lehmkuhle were not its employees on the construction project. Accordingly, we reverse the final summary judgment in favor of the Trust, and we remand for further proceedings.
Final summary judgment reversed and remanded; appeal of order establishing entitlement to fees dismissed.
WHATLEY and LaROSE, JJ., Concur.
NOTES
[1] The Arruda court examined the 1991 version of section 440.02. The opinion discusses section 440.02(13)(d)(5), which was renumbered as section 440.02(13)(d)(8) in the 1997 statutes pertinent to this appeal.